## Hoskins v. Hoskins' Administrators.

(Decided March 6, 1914.)

### Appeal from Leslie Circuit Court.

1. **Land—Action for Trespass to Land—When Judgment a Bar to Subsequent Action Involving Title, Between the Same Parties or Privies.**—Where, in an action to recover damages for trespass to land or to enjoin the trespasser, the plaintiff alleges title in himself to the land upon which the trespass has been, or is about to be, committed, and the defendant denies the plaintiff's title, but admits the act alleged as constituting the trespass, and seeks to justify it on the ground that he is himself the owner of the title, the material issue or thing in controversy is the question of title; the amount of damages recoverable, if the plaintiff succeeds, being a matter purely incidental to the main issue. And in such case, if there be a verdict of the jury in behalf of either party, the judgment entered thereon determines the question of title in favor of the party receiving the verdict, and such judgment will bar a subsequent action brought by the same parties or their privies to recover the land or damages for trespass thereon.

2. **Judgment—Res Judicata—Plea of, When Applicable.**—It is a well-recognized rule of the law that a judgment, necessarily affirming the existence of any fact, is conclusive upon the parties or their privies whenever the existence of the fact is again in issue be-

tween such parties or privies, not only when the subject is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court.

J. M. MUNCY for appellant.

J. M. BICKNELL and METCALF & JEFFRIES for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought in the Leslie Circuit Court by the appellees, H. W. Hoskins and A. B. Eversole, as administrators of the estate of Felix Hoskins, deceased, against the appellant, Thomas Hoskins, to prevent the latter by injunction from entering upon a 200-acre tract of land in Leslie county, described in the petition, and from cutting timber therefrom and erecting buildings thereon.

By an amended petition it was alleged that the land in question had belonged to the intestate, Felix Hoskins, but that shortly before his death he, for a valuable consideration, sold and by deed conveyed it with certain other lands owned by him to the appellee, Tennis Coal Company, by which conveyance the Tennis Coal Company became and now is the owner in fee of the lands therein described, including the 200-acre tract in controversy. That at the time of selling and conveying these lands to the appellee, Tennis Coal Company, Felix Hoskins obligated himself to remove all clouds that might rest upon the title to any of the' lands conveyed and to pay the expense of any litigation that might arise in so doing. By the amended petition and order filing same, the Tennis Coal Company, with its consent, was made a plaintiff in the action, since which time the action has been prosecuted by it as a plaintiff jointly with the appellees, H. W. Hoskins and A. B. Eversole as administrators of the estate of Felix Hoskins, deceased.

As thus amended, the petition alleged the appellee Tennis Coal Company's ownership and possession of the 200-acres of land in controversy; that the appellant, Thomas Hoskins, had wrongfully entered upon the land and was cutting and threatening to cut timber therefrom and erect a building or buildings thereon without the consent of the appellees; also alleged the insolvency of the appellant, Thomas Hoskins, that a judgment against him for damages would be ineffectual, and that in order to prevent a multiplicity of actions and irreparable in-

jury to appellees an injunction restraining him from committing the acts of trespass threatened would afford the only remedy adequate to the protection of the appellees' right. The circuit court granted a temporary injunction restraining the appellant, Thomas Hoskins, from committing the threatened acts of trespass.

By a second amended petition it was alleged by the appellees that in 1894 and before the death of Felix Hoskins, Washington Morgan and his sons, John H. and Jasper Morgan, instituted an action in the Leslie circuit court against John Muncy and S. G. Garrison, in which the title to the land described in the original petition was involved and was made a material issue; that in that action Washington Morgan, John Morgan and Jasper Morgan alleged their ownership of the land under a patent issued to Washington Morgan by the Commonwealth of Kentucky, June 4, 1855, and that the defendants, John Muncy and S. G. Garrison, were wrongfully trespassing upon the land by cutting timber therefrom, for which reason a judgment in damages was prayed against them; that the defendants John Muncy and S. G. Garrison, by separate answers filed to the petition in that action, admitted the alleged acts of trespass complained of, but denied that the plaintiffs, Washington Morgan, John H. Morgan and Jasper Morgan, had title to the land or that they were in the possession thereof, and alleged that the defendant, John Muncy, held and owned the title to same and was in the possession thereof. The affirmative matter of each of these answers was denied by reply and upon the issue of title thus made the case went to trial, which resulted in a verdict in favor of the defendants, John Muncy and S. G. Garrison, following which judgment was duly entered in conformity to the verdict. In the second amended petition, this judgment is pleaded in support of the appellee, Tennis Coal Company's claim of title to the 200-acre tract of land in controversy and as a bar to the claim of title asserted thereto by the appellant, Thomas Hoskins. It further appears from the averments of the second amended petition that after the trial of the case between the Morgans and John Muncy, the latter sold and by deed conveyed the land in controversy to Felix Hoskins, who, as previously alleged, sold and by deed conveyed it to the appellee, Tennis Coal Company; that Washington Morgan died some years after the trial of the case brought by himself and sons against John Muncy and Garrison, and after his death

his sons, John H. Morgan and Jasper Morgan, together with the other children and heirs at law of Washington Morgan, sold and by deed attempted to convey the land in question to the appellant, Thomas Hoskins. It thus appears that the appellant's claim of title asserted in this case was derived from the Morgans, the unsuccessful parties in the former action, and that the appellee, Tennis Coal Company's claim of title was derived from John Muncy, in whose favor the question of title was decided in that action.

The answer filed by appellant to the original petition contains a traverse and alleges his claim of title to the 200-acre tract of land in controversy. In his second answer, which was made to apply to the first and second amended petitions, appellant again denies that the appellee, Tennis Coal Company owns the title to the 200-acre tract of land; that it acquired such title from Felix Hoskins, or that the latter derived title to the land from John Muncy. The answer also denies that the title to the 200-acre tract of land was a material issue in the action brought by the Morgans against John Muncy and Garrison, and alleges that only the title to the timber thereon was in controversy in that action. It fails, however, to deny the averments of the amended petition as to the issues of law and fact made by the pleadings in the former action, which show the title of the 200-acre tract to have been an issue therein, and also fails to deny that on the issue of title thus made there was a verdict and judgment in favor of John Muncy. On the hearing the circuit court adjudged the Tennis Coal Company to be the owner of the land, perpetually enjoined appellant from trespassing thereon, and the latter has appealed.

The denials of the appellee, Tennis Coal Company's derivation of title from Felix Hoskins and that of the latter from John Muncy, made by the appellant's answer, count for nothing in the face of the duly executed and recorded deeds conveying the land in controversy, the one from Felix Hoskins to the Tennis Coal Company and the other from John Muncy to Felix Hoskins, certified copies of which appear in the record. The same is true of the insufficient denials of the answer that the title to the land in controversy was in issue or determined in the action of the Morgans against John Muncy and S. G. Garrison, as it is apparent from the pleadings, verdict and judgment in that case that the title to the land was the vital matter or actual thing therein involved and

determined; and this being so, the vendees of the respective parties to that action are necessarily concluded by the judgment therein rendered.   Therefore, appellant's claim of title to the land, derived through his deed from the heirs at law of Washington Morgan, can give him no greater right to the land than could be asserted by his vendors, the Morgans.   In other words: appellant's claim of title to the land in controversy is barred by the judgment in question.

It may be that the title asserted by Washington Morgan under his patent of June 4, 1855, ought to have prevailed in his and his co-plaintiffs'litigation with John Muncy and S. G. Garrison, but that question cannot now be inquired into. The effect of the judgment under the issues made by the pleadings in that case was to declare John Muncy the owner of the land in controversy and that his was the superior title and that judgment cannot be collaterally attacked in a subsequent action between the parties or their privies.   Having, through his vendors, had his day in court, appellant cannot have a second day in court.   The question of title he seeks to have determined is *res judicata.*

The doctrine stated is thus announced in Freeman on Judgments, Sec. 249: "There is no doubt that a judgment or decree, necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of the fact is again in issue between them, not only when the subject is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court * * *." Simrall v. Maninni, 124 Ky., 67; Sanson v. Connolly, 141 Ky., 120; Thurman v. Leach, 116 Ky., 300; Vincent v. Blanton, 134 Ky., 590.

In Smith, etc., v. Goudy, etc. 29 R. 832 a case well in point, we held, that where an action was brought by plaintiffs claiming the the ownership of certain town lots, in which the defendants filed an answer denying plaintiffs' ownership and alleging ownership and possession in themselves, and the court after hearing proof adjudged that the action be dismissed; such judgment was, in effect, a trial of the case on its merits, and the judgment was a bar to a subsequent action by the plaintiffs to recover the property.

The rule in question applies with equal force to an action of trespass to try title to real estate; for when the plaintiff alleges title in himself to the real estate upon

which the trespass has been committed, and the defendant denies his title, but admits the act alleged as constituting the trespass and seeks to justify it on the ground that he is, himself, the owner of the title, the material issue or thing in controversy is the question of title; the amount of damages recoverable, if the plaintiff succeeds, being a matter purely incidental to the main issue. Such is the case here; and, as in our opinion, the circuit court in holding appellant's claim of title to the land in controversy barred by the judgment in the action of Washington Morgan, etc. v. John Muncy, etc., and perpetually enjoining him from further trespassing on the land, properly determined the rights of the parties, the judgment is affirmed.