## Benge v. Martin, et al.

(Decided May 28, 1914.)

### Appeal from Clay Circuit Court.

Judgment—Res Judicata—Matters Concluded.—Where in an action to recover damages for the cutting and removal of timber from a certain tract of land, the defendant denies the plaintiff's ownership of the land and asserts ownership in himself, admitting the acts alleged as constituting the trespass, the real issue is the question of ownership of the land, the damages recoverable by plaintiff if he succeeds being only incidental to the main issue; and in such case, if there be a verdict for either party, the judgment thereon entered determines the question of ownership in favor of such party, and the judgment will be a bar to any future action between the parties involving a claim of ownership of such land.

H. C. FAULKNER & SONS for appellants.

RAWLINGS & WRIGHT for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This is an appeal from a judgment of the Clay circuit court in an action wherein Susan Benge was plaintiff and Angeline Martin and her children were defendants, and in which the plaintiff sought to have her title quieted to a tract of land.

Though there are several questions presented upon the appeal, it is only necessary to pass upon the sufficiency of the plea of *res judicata* interposed by the defendants.

On March 8, 1885, David Benge conveyed to his son, John Benge a part of his farm; thereafter, on June 28, 1900, he conveyed the remainder of the farm to his daughter, Susan Benge.

John Benge, on June 29, 1887, conveyed the land he received from his father to James Martin, who died in November, 1903.

On December 21, 1903, the widow and children of James Martin instituted an action in the Clay circuit court against Susan Benge and others, alleging that the plaintiffs were the owners of the land conveyed by John Benge to James Martin, and that the defendants had entered thereon and had cut and removed timber therefrom without right, and seeking to recover damages in the

sum of six hundred and twelve dollars for the value of the trees so cut and removed, and two hundred dollars as damages to the other growing timber resulting from the cutting and removal of the trees so cut and removed.

The defendants answered, denying that the plaintiffs were the owners of the land, admitting the cutting and removal of the timber, and asserting that defendant, Susan Benge, was herself the owner of the land from which the timber was so cut and removed.

Upon a trial of the case, the jury returned a verdict in favor of the plaintiffs in the sum of three hundred dollars for the timber and fifty dollars as damages. Judgment thereon was entered, and that judgment has never been appealed from, modified or vacated.

On September 2, 1910, Susan Benge instituted this action in the Clay circuit court against the widow and heirs of James Martin, seeking to quiet her title to a strip of land along the northern line of the boundary described in her petition, which is the same tract of land the ownership of which was asserted by her in her answer in the action above mentioned, brought against her and others by the widow and heirs of James Martin.

The defendants answered, pleading ownership of the land in controversy; and further interposed a plea of *res judicata* by virtue of the proceedings above mentioned in the action wherein the present defendants were plaintiffs, and the present plaintiff was a defendant.

By reply, the plaintiff traversed the plea of *res judicata*, but she testified that the land from which the timber was cut, for the cutting of which and damages to other timber, there was a recovery against her in the former action, is the same land, the title to which is by the present action sought to be quieted by her; that the parties are the same; and the record of the former action was introduced in evidence, showing that the case was tried before a jury and a verdict was returned in favor of the plaintiffs, upon which judgment was entered.

Appellant contends that the title to the land in question is not *res judicata* because of the former judgment; but in Hoskins v. Hoskins Admr., 157 Ky,. 738, 164 S. W., 77, this question was directly decided; and the court held that where in an action to recover damages for trespass to land, plaintiff alleges title in himself, and defendant denies plaintiff's title, admits the act alleged

as constituting the trespass, but seeks to justify it upon the ground that he himself is the owner of the land upon which such act was committed, the material issue is the question of title, and the amount of damages recoverable by plaintiff if he succeeds is a matter purely incidental to the main issue; and if there be a verdict in such case for either party, the judgment thereon entered determines the question of title in favor of the party receiving the verdict; and the question of title is thereafter *res judicata*. In the former action above mentioned in the case at bar, the plaintiffs asserted title to the land from which the timber was cut; the defendant admitted the cutting of the timber, but asserted title in herself to the land from which it was cut. Thus the issue was tendered and clearly joined as to which of the parties owned the land from which the timber was cut; and the question of the ownership of the land was necessarily tried and determined, for the ownership of the timber followed the land. The judgment in that action therefore concludes the parties, and the plea and defense of *res judicata* interposed in this action was a complete bar to plaintiff's action.

Judgment affirmed.