## Hays v. Hays.

### (Decided May 31, 1918.)

### Appeal from Lawrence Circuit Court.

1. Pleading—Action for Division of Land.—In an action for division of land the petition must state facts showing the land susceptible of advantageous division, and if traversed the proof must sustain the allegations.

2. Judgment—Action to Settle Decedents' Estates—Parties—Effect.— Where an action is brought for a settlement of the decedent's estate and all of the children and heirs are parties thereto and this action is prosecuted to judgment and the lands are adjudged to be sold and the proceeds divided among the heirs, such judgment is binding upon all persons parties to the action, and one of the said parties can not thereafter institute and maintain an action for a division of the same real property in kind. The remedy, if any she has, is by appeal from the judgment directing sale and not by a new action for partition of the realty.

3. Appeal and Error—Finding of Chancellor—Where there is a controversy of fact determined by the chancellor, the finding will not be disturbed unless it be against the weight of the evidence.

M. S. BURNS for appellant.

W. D. O'NEAL, T. S. THOMPSON, C. Y. CAIN and CAIN & THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was instituted by Laura Hays, widow, against Major Hays, her uncle, in the Lawrence circuit court, for a division of a certain tract of land supposed to contain about eighty to one hundred acres. The petition alleges that the plaintiff, Laura Hays, is the owner of one-tenth undivided interest in the said tract of land and that Major Hays owns nine-tenths thereof. It does not allege that the tract is susceptible of advantageous division. By answer Major Hays denies that Laura Hays is the owner of a one-tenth undivided interest, or any interest whatever, in the tract of land, and asserts ownership of the entire tract in himself. He avers that he is one of ten children of John Hays, deceased, who left a considerable fortune to his children and grandchildren, of whom Laura Hays is one of the grandchildren. John Hays left a will disposing of his property. He owned this particular tract of land and resided upon it. It is alleged that upon this tract is a large nine-room brick house. By the will this tract, the home place, was given to the widow during her life and then to the children in equal portions. After the death of the widow a suit was instituted to settle the estate of John Hays, deceased, to which action both Laura Hays and Major Hays and all the children of John Hays, deceased, were parties, plaintiff and defendant. In that action, which was prosecuted to judgment, it was ordered and adjudged ''that the executors of the estate of John Hays, deceased, distribute among the heirs of John Hays, deceased, the sum of $33,400, to be distributed in accordance with the will of the said John Hays as probated in the county court as follows: To Laura Hays one thousand dollars, . . . Major Hays . . . thirty-six hundred dollars; that said executors shall make said distribution on or before the 17th day of the present term of the court. . . . It is ordered and adjudged

that the real estate of the said John Hays, deceased, situated on George's creek, in Lawrence county, Kentucky, and being the same in which Elizabeth Hays (widow) by the will of John Hays was given a life estate, shall be sold and the proceeds of said real estate distributed as follows: One-tenth each to Laura Hays, Green Hays, W. T. Hays, Lucy Justice, L. C. Hays, Nancy Preston, Major Hays, Sarah Hays and John Hays, and one-tenth to be equally divided between Nola Hays, Irma Hays and Ethel Hays. The above heirs of John Hays, deceased, shall have until the first day of June, 1916, to make private sale of said real estate to one or more of said heirs, or others by mutual agreement, but should they fail to agree upon said private sale within said time then the master commissioner of this said court, W. M. Savage, shall sell the real estate, on credit of six months, taking a bond for same with good personal security, etc.''

Before the first day of June, 1916, the heirs gathered upon the premises at the home place for the purpose of publicly selling the tract of land now in controversy, and the property was offered for sale and both Major Hays and Laura Hays bid for the property, and Major Hays, offering six thousand and fifty ($6,050) dollars, the highest price bid, was declared the purchaser, whereupon· he caused a deed to be prepared and signed by each of the heirs, except Laura Hays, who refused to sign it, claiming that she desired her one-tenth part of the land laid off to her instead of one-tenth of the proceeds of the land, which under the bid of six thousand and fifty dollars would amount to six hundred and five dollars; or if she could not have her portion of the land in kind, then she desired a greater sum than six hundred and five dollars for her one-tenth interest. She asserts that at the time of the sale she and Major Hays had an agreement and understanding that she was to have her one-tenth interest laid off to her in kind, while Major Hays says that no such understanding was reached, but that after the sale was over Laura Hays suggested to him she would prefer having a one-tenth interest in the land laid off to her instead· of a one-tenth of the proceeds of the sale. He says he did not consent to this, but offered to pay her six hundred and five dollars, which she declined to accept.

Several months after the sale and after all the heirs, except Laura Hays, had executed their deed to Major Hays for the tract of land now in controversy, Laura Hays instituted this action in the Lawrence circuit court for a partition of the land between her and Major Hays asking that she have her one-tenth interest apportioned to her. No proof was taken except the affidavit of Laura Hays for the plaintiff and the affidavits of Green Hays and Major Hays for the defendant. In her affidavit Laura Hays states that she is informed and believes that the tract of land contains 150 acres, and that it is worth more than six thousand fifty dollars, and that "she would vastly prefer this court to appoint commissioners to lay off to her the one-tenth interest she has in the place in land," but she nowhere says the land is susceptible of advantageous division. In support of the allegations of the answer that the land could not be divided without materially impairing its value, the affidavit of Green Hays and Major Hays states that "if a tract of land was taken off the old home place it would greatly impair its value;" that the tract only contains about 75 to 90 acres, and that six thousand fifty dollars was "a good big price for it, and more than it was worth on the day that Major Hays bought it. Affiant says that he was present and heard the plaintiff, Laura Hays, say (at the sale) 'let it be sold,' and when it was knocked off to Major Hays, she (Laura) seemed contented and did not object to the sale and consented and agreed to same." The plaintiff, Laura Hays, did not and does not own any land adjoining the home place which is now in controversy, but does own a tract of about 100 acres, which she received from the estate of John Hays, deceased, and upon which she now resides.

She did not appeal from the judgment of the Lawrence circuit court, directing a sale of the home place in the suit for settlement of the estate of John Hays, nor did she, so far as this record discloses, make any objection or save any exception to that judgment or order. In that suit for settlement of the estate of John Hays and in which judgment was entered directing a sale of the land now in controversy, this plaintiff, Laura Hays, should have sought a division of the property and an assignment of her share in kind, if she desired that relief, but failing to do so the judgment directing a sale

precludes her from now having a division in kind. The court in directing the sale instead of a division necessarily found the fact that the land was not susceptible of division, and her only remedy, if any remedy she has, is by appeal from the former judgment. This suit for partition is in effect *res judicata*. She is, therefore, in no position to claim a division of this land unless she can do so upon the alleged understanding or agreement asserted by her to have been made between her and Major Hays, whereby she was to have her portion, one-tenth, in land instead of money. She solemnly asserts that such an agreement was made, while Major Hays, with equal firmness, declares it was not made. The trial court in passing upon this point found against plaintiff, Laura Hays, and we are not inclined to disturb the finding of fact. Aside from this, the defendant, Major Hays, alleged that the land was not susceptible of division without great impairment of its value, and the only evidence in the record upon that point sustains the allegations of the answer. It follows, therefore, that under the state of record, the trial court did not err in refusing a division, especially in view of this fact, it is affirmatively asserted that such tract cannot be divided without impairing its value.

Judgment affirmed.