## L. C. Hayes v. John Hayes' Ex'rs.

## W. T. Hayes v. John Hayes' Ex'rs.

(Decided October 11, 1918.)

### Appeals from Lawrence Circuit Court.

Appeal and Error—Findings—Conclusiveness—Equity Cases.— Where the evidence on a question is conflicting, and upon a consideration of the whole case, the mind is left in such doubt, that the appellate court cannot say with reasonable certainty that the chancellor erred in his conclusion, his finding will not be disturbed.

JOHN W. WOODS for appellant.

W. D. O'NEAL, A. O. CARTER and CAIN & THOMPSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming as to L. C. Hayes and denying the appeal of W. T. Hayes.

In the month of December, 1915, Green Hayes, as executor of John Hayes, deceased, and all the heirs of John Hayes, brought suit against W. T. Hayes, co-executor, to settle the estate of John Hayes. During the progress of the action Green Hayes, as executor, filed a pleading alleging that L. C. Hayes was indebted to the estate of John Hayes in the sum of $1,300.00. By another pleading he alleged that W. T. Hayes was indebted to the estate in the sum of $1,000.00. The case was referred to the Master Commissioner to hear proof and pass on the question of the liability of L. C. Hayes and W. T. Hayes to the estate of John Hayes. The Master Commissioner reported that neither L. C. Hayes nor W. T. Hayes was indebted to the estate. Exceptions were filed to this report and sustained by the court. Thereupon judgment in favor of the estate was rendered against L. C. Hayes for $1,165.34 and interest, and against W. T. Hayes for $200.00 and interest. L. C. Hayes appeals and W. T. Hayes prays for an appeal.

It appears that John Hayes died, a resident of Lawrence county, in the month of July, 1915. In the month of March, 1911, he divided his real estate among his children, with the exception of the home place, which he retained for himself and wife. In December, 1911, he made a will, bequeathing to a granddaughter the sum of $1,000.00, and dividing the remainder of his personal estate equally among his children, with the exception of one-ninth, which he bequeathed to three children of a deceased son. After the division of his real estate and the execution of the will, bequeathing his personal property, he concluded to give each of his three children one hundred dollars in cash. After delivering this amount to some of them, he changed his mind and concluded to give each of his children one thousand dollars. This he did, after deducting the hundred dollars theretofore given and the amounts which his children owed him. In the case of L. C. Hayes he took out an indebtedness of $300.00 and gave him his check for $700.00. It further appears that John Hayes had loaned a considerable amount of money. Among the notes which he took was one for $1,100.00, executed by Augustus Snyder, a merchant of Louisa. Mr. Snyder paid the note and interest, aggregating $1,165.34, to L. C. Hayes. The latter contends that this note was given to him by his father. He

proved by several witnesses that he had been living on a farm belonging to his father for about twenty-seven years. When his father came to divide his estate, he gave this farm and an adjoining piece of property to Green Hayes, and at the same time gave a less valuable farm to him. Upon making complaint to his father that there was no suitable house on the farm which he was to receive, and that he was being discriminated against in the division of the real estate, his father stated that he would help him to build a house. His father subsequently carried out this promise by giving him the Snyder note. On the other hand, the evidence for the executors shows that John Hayes gave certain notes to his sons and sons-in-law for collection. Henry Preston, a son-in-law, was given notes aggregating more than $6,000.00. Included in the list was the Snyder note, which, not being due, he returned to his father-in-law. After that, the note came into the hands of L. C. Hayes, unendorsed, and Hayes collected the note from Mr. Snyder. There is also evidence to the effect that John Hayes stated that he had given L. C. Hayes more than he had given to his other children. Though it may be true that Green Hayes received a more valuable farm than L. C. Hayes, it is equally true that the farm given to L. C. Hayes was more valuable than that received by some of the other children. In addition to this fact, L. C. Hayes had been living on a farm furnished by his father for about twenty-seven years and had never been required to pay any rent. Some time after the will was made, John Hayes became feeble in mind and body and a committee was appointed to take care of his estate.

It will be seen from the foregoing statement that the only evidence tending to show that the Snyder note was given to L. C. Hayes is the latter's incompetent statement to that effect, coupled with the fact that the note was in his possession and that his father had agreed to help him build a house. What provision his father had made for him and the other children prior to the distribution of his real estate does not appear. One thing is certain. His father evidently believed that he made an equal division of his real estate and when he came to distribute his personal property, both before his death and by his will, he showed no purpose to prefer one of his children to another. On the other hand, he gave to each child a

thousand dollars after deducting the indebtedness of such child, and provided in his will that they should all share equally in the distribution of his personal property. If it be true, then, that the decedent intended to help L. C. Hayes to build a house, it does not appear that he intended to help him at the expense of the other children; and that being true, it is altogether probable that the $700.00 which he gave to L. C. Hayes was intended for that purpose. When, therefore, we view the transaction in the light of these facts, and the further fact that the Snyder note was first given to Henry Preston for collection and then returned because it was not due, we conclude that the subsequent possession of the note by L. C. Hayes, coupled with the evidence that his father intended to help him build a house, was not sufficient to show that the note was actually given to L. C. Hayes. On the contrary, the case is one calling for the application of the rule that where the evidence is conflicting, and upon a consideration of the whole case, the mind is left in such doubt that we cannot say with reasonable certainty that the chancellor erred in his conclusion, his finding will not be disturbed.

In the case of L. C. Hayes v. John Hayes' Exors., the judgment is affirmed.

In the case of W. T. Hayes v. John Hayes' Exors., the motion for an appeal is denied and the judgment affirmed.