## Burdine v. White's Admrx., et al.

(Decided March 16, 1920.)

## Appeal from Madison Circuit Court.

1.  Attachment—Fund in Court—Master Commissioner.—A fund in the hands of the master commissioner is a fund in court within the meaning of section 207, Civil Code, and an order of attachment should be served upon the clerk of the circuit court in order to attach and hold such funds.

2.  Attachment—Fund in Hands of Master Commissioner.—When an order of attachment is served upon the clerk for the purpose of attaching a fund in the hands of the master commissioner, the clerk shall call the attention of the master commissioner to the order of attachment; and if he fails so to do, and the master commissioner pays out the fund in ignorance of the attachment, the clerk and not the master commissioner is liable to the attachment plaintiff for the loss sustained, if any.

CHENAULT & WALLACE, J. P. CHENAULT and WILLIAM WALLACE for appellant.

JOHN NOLAND, A. R. BURNAM, JR., and G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part, and reversing in part.

In an action in the Madison circuit court, the master commissioner was directed to and did sell certain property, taking purchase money bonds due in six months. The interest of one of the beneficiaries was attached after the sale and before the collection of the sale bond by the commissioner. The order of attachment was served on the clerk of the Madison circuit court. At the time of the service of the process the purchase money bonds were in the hands of the clerk. When the bonds were collected by the commissioner, the court entered an order of distribution. Following this order the master commissioner paid out all the funds, although the attachment had not been discharged. When the attaching plaintiff learned that the funds had been disbursed he brought an action against the administratrix of the clerk of the circuit court and his bondsmen to recover the money attached, but which had been paid out by the master commissioner in disregard of the order of attachment. The personal representative of the clerk and

his bondsmen filed an answer and cross-petition, making the master commissioner and his bondsmen parties defendant, and praying a recovery over against the master commissioner, if the plaintiff should recover of the clerk. The amount involved was only $395.00. Issue was joined and the depositions of Deputy Clerk James W. Wages, and of the master commissioner, H. C. Rice, were taken and filed as evidence in the case. It was then submitted and the petition dismissed as against both the administratrix of the clerk and against the master commissioner, Rice, and from each of these orders the plaintiff appeals.

This case was here on appeal once before and was decided January 11, 1917, the opinion may be found in 173 Ky. 158, where a full statement of the facts can be had. However, the particular questions here involved were not presented there. It is admitted by both the clerk and the master commissioner that the attachment was duly sued out and executed by delivering a true copy thereof to the clerk of the Madison circuit court as provided by section 207 Civil Code; and it is also admitted that the master commissioner paid out the attached funds to a non-resident, but there is a controversy between the administratrix of the clerk and the master commissioner as to whose negligence brought about the loss. It is perfectly clear that appellant Burdine is entitled to a recovery but whether against the clerk and his bondsmen or against the master commissioner and his bondsmen is not so easy of determination. Since the bringing of this action the clerk Roy C. White died and his wife, Carrie M. White, qualified as administratrix. At the time the money was paid out and for some weeks theretofore, White, the clerk, had been in failing health and in consequence staid very little in the office of the clerk of the Madison circuit court, but he had there one James W. Wages as deputy clerk. When the attachment was sued out, a copy of the order was served on Wages who accepted it for White, the clerk, and promptly reported the service of the order of attachment to the clerk. All this is admitted. Wages testifies that the night following the filing of the suit he visited a lodge of which he and the master commissioner, Rice, were members and he sat next to Rice and told Rice about the suing out of the attachment, the service of a copy on him as clerk, the style of the case and the nature of the proceedings. Rice tes-

tifies that he had such conversation with Wages at the lodge but he thinks it was the night after the funds had been disbursed and not the night after the filing of the attachment suit. At any rate, Rice admits that he met attorney William Wallace on the streets of Richmond, and that Wallace told him that he had attached some of the money in the Kanatzar case, which was the action in which the funds were held in court, to which the master commissioner replied, "All right, William, I would as soon pay it to you as any one." This was in January before the funds were disbursed in April. On this evidence the court dismissed the petition of Burdine against Rice, the master commissioner, thereby holding in effect that the master commissioner did not have actual knowledge of the attachment proceedings, or the service of the order of attachment on the clerk of the court. The facts thus found by the chancellor in favor of the master commissioner, Rice, and against the clerk, appears to be sustained by the evidence, at least the finding is not against the weight of the evidence; and it is a rule of this court not to disturb the finding of fact by the chancellor unless it be contrary to the weight of the evidence. Hays v. Hays, 180 Ky. 790; Willoughby v. Reynolds, 182 Ky. 1; Clark v. Isaacs 182 Ky. 391; Superior Coal Co. v. Runyon, 184 Ky. 255.

Had the clerk of the circuit court notified the master commissioner of the service of the order of attachment on the clerk and the master commissioner had thereafter paid out the attached funds, he and his bondsmen would have been liable for the loss occasioned. The notice necessary under section 207 Civil Code, to be given by the clerk to a master commissioner having funds attached in his hands need not be in writing, but any notice which will bring to the attention of the master commissioner the fact that the attachment had been sued out and served on the clerk will be sufficient to bind the commissioner and make him responsible for any misapplication of the attached funds. Under section 224 Civil Code, it is the duty of the garnishee to appear, or file in court an affidavit, truly disclosing the sum owing by him to the defendant, whether due or not, and the property of the defendant in the possession, or under the control of the garnishee. As the master commissioner held the funds in this case, he should have appeared in court, or filed an affidavit disclosing the sum of money in his hands due

the attachment defendant, provided that officer knew of the existence of the attachment. The service of the order of attachment on the clerk gave the master commissioner constructive notice only, but the clerk had actual knowledge of the existence of the attachment suit as well as the service of the order of attachment. Since the chancellor found from the evidence that the master commissioner did not have actual knowledge of the existence of the attachment suit, or the service of the order of attachment, he was not, as between him and the clerk, primarily liable to the attachment plaintiff for the money wrongfully disbursed. The clerk was in open court at the time the court made and entered the order directing the funds to be disbursed. If the attention of the court had been called to the attachment proceedings, no doubt the order of distribution would not have been carried out until that matter had been disposed of. In this the clerk was negligent, and as between two persons otherwise equally innocent, that one who was guilty of the negligence or fault which caused the loss should bear the burden. The clerk could easily have called the attention of the court to the attachment proceedings and saved the loss of the funds, but he failed to do so. He was the proper custodian of all the records of the court, including the petition and amended petition suing out the attachment, the order of attachment and the return of the sheriff thereon. He was charged with knowledge of these things, and while it is a hard case, he must make good the loss which resulted from his failure to perform the duty which he owed to the court, of calling its attention to the existence of the attachment proceedings.

Appellee White's administratrix insists that the bondsmen of White are not liable in any event for the attached moneys paid out, but we can find no good reason to sustain this contention.

The appeal is granted and the judgment dismissing the petition of Burdine against H. C. Rice is affirmed, and the judgment in the branch of the case styled Burdine v. White is reversed with direction to enter a judgment for appellant Burdine against White's administratrix and his bondsmen for $395.00, with interest and cost.

Judgment affirmed in part and reversed in part.