## Chism v. Moore, et al.

(Decided April 21, 1925.)

Appeal from Allen Circuit Court.

Appeal and Error—Chancellor's Findings Not Disturbed, Unless Against Weight of Evidence.—Findings of chancellor are entitled to weight, and are not to be disturbed, unless against weight of evidence.

OLIVER & DIXON for appellants.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was instituted in the Allen circuit court by appellee, Moore, against appellants, Chism and Frost, to remove a cloud from his title to a certain described passway leading from the public highway over and along the line between the lands of appellants to the farm of appellee, Moore, and to enjoin the defendants, and each of them, from encroaching upon, closing up, or interfering with the passway and appellees' right to use it. The right of way was deeded to appellee, Moore, and others, in 1912, by Will Bishop and wife and described as follows:

"Beginning in Wade's line at the cattle guard, 15 feet wide to the Chin cut on railroad; thence with Bishop's line 15 feet wide to the pike, containing one acre, more or less, and to be used as road only."

Appellee Moore, and his co-grantees paid the grantors a valuable consideration for the passway. At the time of the making of the deed for the passway Bishop, the grantor, was the owner of the tract of land

now owned by appellant, Chism. Before the passway was laid out the lands now owned by Chism and Frost joined and were owned by other persons. Both appellants, Chism and Frost, admit that appellee, Moore, has a fifteen-foot passway from the pike to his farm, but each of appellants contends that the present passway is over on his land and should be moved back on to the lands of the other. It appears from the evidence that at the time the passway was laid out it was fenced, the wire being fastened to posts, trees and bushes and was not, therefore, straight. In some places the passway was more than fifteen feet wide. At the time appellants bought the lands—they did, not at the same time—the passway was located as it is now. Neither of the parties knows exactly where it was originally established except by the fences. Quite a lot of evidence was produced by each of appellants to prove his contention, set up in his answer to the petition of appellee, Moore, each answer being made a cross-petition against his co-appellant. In fact the lawsuit developed a contention between the two defendants rather than between the plaintiff and defendants.

We have examined the evidence with great care but are in doubt as to the right of the matter as between appellant Chism and appellant Frost. The chancellor adjudged

"That the plaintiff, John T. Moore, and his joint vendees under the deed to them by Will Bishop of the strip of land or passway described in the petition and in the pleadings and proof in this action, is the owner by valid title of said strip of land and passway as conveyed under and by said deed. . . . That the plaintiff and his joint vendees named in said deed have the legal right to the free and unmolested use, occupancy and control of said passway as it was deeded, laid out, established and fenced by the parties as appears by the proof in this action.

"It is further the judgment of the court that defendants, Mike Chism and Willis Frost, having purchased their respective tracts of land, the one on the north and the one on the south side of said passway after said passway was laid out, established and fenced at the time they purchased their respective tracts of land, and it appearing that the defendant, Mike Chism, removed the fence on his land since the

date of the purchase of his tract of land into said passway as laid out and established and fenced, and has in his possession at this time a part of said original passway as so established and fenced, it is ordered and adjudged that the defendant, Mike Chism, be and he is required to remove the fence as he now maintains it in said passway and to place it back on the land and at the point and place as the north boundary line of said passway as it was located and established and maintained at the time he purchased his tract of land.''

In a case like this, where, after reading the evidence, the mind is left in doubt, this court, on review, must rely largely upon the finding of the chancellor. He, no doubt, was acquainted with the witnesses and knew their credibility and was, therefore, better able to weigh the evidence than are we. Cardill v. Bayes, 28 R. 182; Moore v. Moore, 30 R. 383; Hays v. Hays, 180 Ky. 790; Electric L. L. Floor v. Electric Planing Mill Co., 196 Ky. 821.

Finding no sufficient reason for a reversal of the judgment it is affirmed.

Judgment affirmed.