## Lashley v. Duvall et al.

(Decided December 7, 1928.)

### Appeal from Edmonson Circuit Court.

1. Appeal and Error.—Where surveyor testified in ejectment action that land described in plaintiff's deed was land described in petition, and there was no evidence to contrary, chancellor's finding that land described in deed was land described in petition cannot be disturbed on appeal.

2. Adverse Possession.—Judgment in action against grantor's heirs, in which plaintiff sought conveyance under oral contract of purchase of land in controversy, set at rest statute of limitations, if it had begun to run at time defendant's vendor took deed of conveyance to adjoining tract with overlapping boundary from same grantor.

3. Adverse Possession.—Adverse possession, when relied on, must be actual, continuous, and adverse in fact, for as much as fifteen years.

4. Champerty and Maintenance.—A deed executed pursuant to a judicial sale is not champertous.

5. Judgment.—Where plaintiff sued grantor's heirs seeking conveyance under oral purchase or to have purchase money declared a lien, and action went to judgment whereunder land was sold, judgment operated as estoppel against defendant, where his vendor did not know that boundary described in that petition and judgment included portion of, or lapped upon, her boundary.

6. Judgment.—Judgment is conclusive and binding, not only upon parties in action in which it was rendered, but also upon persons who are in privity with them in respect to subject-matter of litigation.

LOGAN & VINCENT for appellant.

MILTON CLARK for appellees.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Affirming.

This is an action in ejectment instituted by the appellee, Effie Duvall, against the appellant, Porter Lash-

ley, to recover a tract of 15 acres of land situate in Edmonson county, Ky., and $500 in damages for trespasses committed thereon by him. However, it was prepared and tried as an equitable action, and by its judgment the lower court found for the appellee and adjudged that she recover the land in controversy and $50 in damages. The defendant has appealed.

It appears that on April 4, 1908, Washington Duvall conveyed to his daughter, Ella Duvall (who subsequently intermarried James Lashley), a certain boundary of land situate in Edmonson county, Ky., and in 1909 the said Washington Duvall sold to his daughter, the appellee Effie Duvall, an adjoining boundary of land in said county. He died without having made a deed to Effie Duvall. On June 2, 1909, Effie Duvall instituted an action in the Edmonson circuit court against her mother, as the widow of Washington Duvall, and all the children and heirs at law of the said Washington Duvall, including the said Ella Duvall Lashley, in which she alleged her purchase from her father of the land described in the petition; that she had paid to him the sum of $350, the purchase price of said land, describing the land so purchased, and asked that her mother and brothers and sisters be required to convey the land to her. The mother and brothers and sisters, including Ella Duvall Lashley, filed an answer in said case in which they admitted the purchase of said land by their daughter and sister, Effie Duvall, and the payment by her of full consideration therefor to her father, and that she was entitled to the land. Thereafter Effie Duvall filed an amended petition in which she alleged that, inasmuch as the contract of sale of said land between her and her father was in parol, if she was not entitled to a conveyance, then that she be adjudged a lien on the land for the purchase money paid, and that the land be sold in satisfaction of such lien. On June 23, 1909, the court rendered a judgment decreeing to Effie Duvall a lien for the purchase money paid and directing a sale of the land for the enforcement of said lien. At this sale Effie Duvall became the purchaser, and by deed dated June 19, 1912, the commissioner of the Edmonson circuit court conveyed the land to her.

On the 20th day of February, 1918, the said Ella Duvall Lashley and her husband, James Lashley, conveyed the boundary of land conveyed to her by her father

April 4, 1908, to one J. K. Vincent, who, on the next day, conveyed the land to the appellant, Porter Lashley After these conveyances, the appellant began the taking of timber from the land in controversy, and conceiving it to be embraced within her boundary the appellee Effie Duvall had a survey made, and it was found from that survey that there was a lap of her boundary and the boundary conveyed to her sister Ella Duvall. Claiming that she was the owner and had the title to this lap, she instituted this action.

In his answer the appellant traversed the allegations of the petition, and pleaded title in himself; and by reply the appellee pleaded the institution of the action by her against her mother and the children and heirs at law of her father, including the said Ella Duvall Lashley, the judgment, sale and confirmation of sale, and deed to her thereunder as an estoppel against the appellant to claim or assert title to any land embraced in that judgment, sale and deed. To this reply the appellant filed a rejoinder completing the issues.

1. On this appeal appellant insists that the land described in appellee's deed is not proven to be the same land described in the petition in this action. However, the surveyor who testified states that the land described in said deed is the land described in the petition, and there is no evidence to the contrary. The chancellor's finding of this fact cannot be disturbed. Hays v. Hays, 180 Ky. 790, 203 S. W. 713.

2. It is next insisted that the land in controversy was in the adverse possession of appellant and those under whom he claims at the time of the institution of this action and had been so in possession for more than 15 years; and that the deed made by the commissioner to Effie Duvall was and is champertous.

The deed from Washington Duvall to Ella Duvall Lashley under which appellant claims was executed in 1908. The suit instituted by Effie Duvall against the heirs of Washington Duvall was filed June 2, 1909, and the judgment rendered therein June 23, 1909, and the deed to her executed June 19, 1912. Obviously no possession in Porter Lashley and his vendors had matured under the statute of limitation at the time of the institution of this action May 31, 1924, for the reason that the judgment rendered in the action of Effie Duvall against

the heirs of Washington Duvall set at rest the running of the statute even if it be conceded that it had begun to run in 1908, at the time Ella Duvall took her deed of conveyance.

3. Adverse possession, when relied on, must be actual, continuous, and adverse in fact, for as much as 15 years. Clearly such a holding in appellant and his vendors never existed either before or subsequent to the commissioner's deed to Effie Duvall.

4. If it could be said that appellant was in the adverse possession at the time of the execution of the commissioner's deed to Effie Duvall, that fact could not operate against the validity of that deed. In a long line of decisions we have held that a deed executed pursuant to a judicial sale is not champertous. Morgan v. Big Woods Lumber Co., 198 Ky. 88, 249 S. W. 329; Preston v. Breckinridge, 86 Ky. 619, 6 S. W. 641, 10 Ky. Law Rep. 2; Carlisle v. Cassady, 46 S. W. 490, 20 Ky. Law Rep, 562; Golden v. Blakeman, 223 Ky. 517, 3 S. W. (2d) 1095.

5. The judgment rendered by the Edmonson circuit court in the action of Effie Duvall against the heirs of Washington Duvall, when relied on, as it is in this case, must operate as an estoppel against any and every person who was a party to said action, and any and every person in privity with any party to said action.

In that action Effie Duvall sought a conveyance, under her purchase from Washington Duvall, of a boundary of land which includes the land in controversy, or if, because her contract was in parol, she was not entitled to such conveyance, then to have the purchase money paid declared a lien on said land, such lien enforced, and said land sold. Ella Duvall Lashley, appellant's vendor, was a party to that action, and with the defendants therein filed answer admitting that Effie Duvall had purchased the land described in her petition. That action went to judgment whereunder the land was sold. The fact as claimed by her that Ella Duvall Lashley did not know that the boundary described in that petition and judgment included a portion of, or lapped upon, her boundary, cannot affect the situation. She was required then, if ever, to know or to ascertain the full import of that action and of every fact to be determined by it. If this were not so, there would be little, if any, stability to judicial decisions.

The rule is stated in 23 C. J. 990, thus:

"As a general rule a valid and final judgment is binding and conclusive on all the parties of record in the action or proceeding in which the judgment was rendered."

And, in the same volume, at page 1009, it is further stated:

"Judgment is conclusive and binding, not only upon the parties to the action in which it was rendered, but also upon persons who are in privity with them in respect to the subject matter of the litigation, and this rule is applicable both to actions at law and suits in equity."

This rule has been consistently adhered to by this court in numerous cases, among them Perry v. Eagle Coal Co., 170 Ky 824, 186 S. W. 875; Stone v. Winn, 165 Ky. 9, 176 S. W. 933; Hoskins v. Hoskins, 157 Ky. 738, 164 S. W. 77; and Clay v. Clay, 199 Ky. 4, 250 S. W. 829.

Perceiving no error in the judgment appealed from, it is affirmed.