## Lashley v. Lashley et al.

Feb. 7, 1939.

R. H. CANNON, B. M. VINCENT and J. V. CARDER for appellant.

LOGAN & LOGAN for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In 1908, Washington Duvall conveyed to his daughter, Ella Duvall, a tract of land which was supposed to have contained 152¾ acres. Ella Duvall subsequently married James Lashley. On February 20, 1918, Ella and James Lashley conveyed this tract of land to J. K. Vincent, and on the next day Vincent conveyed the same land to Porter Lashley, a brother of James Lashley. These last two conveyances were under general warranty deed. Since 1918 there have been some five or six

lawsuits concerning this tract of land, three of which, including .this suit, have reached us. In the case of Lashley v. Lashley, 205 Ky. 601, 266 S. W. 247, it was held that Porter Lashley was entitled to recover from Ella and James Lashley for a breach of warranty, since Ida Duvall, a sister of Ella Lashley, had been successful in a suit against Porter Lashley to recover a portion of the land embraced in the deed from Ella Lashley and James Lashley to J. K. Vincent, who in turn had conveyed the land to Porter Lashley. Ida Duvall recovered $50 damages and approximately 15 acres of land in her suit against Porter Lashley.

Following the decision in the case of Lashley v. Lashley, supra, there were several conferences between representatives of Ella and James Lashley and Porter Lashley and also some of the parties relative to a settlement of the breach of warranty, which resulted in James Lashley paying $800 to Porter Lashley. A question had previously arisen as to whether or not the deeds from Ella Lashley and James Lashley to J. K. Vincent, and from J. K. Vincent to Porter Lashley, overlapped and included some 15 acres of land claimed by Effie Duvall, another sister of Ella Lashley. Subsequently, we decided in the case of Lashley v. Duvall et al., 226 Ky. 685, 11 S. W. (2d) 708, that the lower court had properly adjudged that Effie Duvall should recover from Porter Lashley the land in controversy and $50 in damages.

Upon the determination of the case of Lashley v. Duvall, supra, Porter Lashley filed this suit to recover $1,214 from appellees for the breach of warranty. This amount included alleged damages for the breach of warranty, costs and expenses and the value of the land recovered by Effie Duvall from him. In their answer appellees traversed the affirmative allegations of the petition, and in an amended answer they claimed that a full and complete settlement of any and all shortages relating to the land conveyed by them to J. K. Vincent, and later conveyed by Vincent to appellant, had been made. In his reply appellant denied that the sum of $800 paid to him on January 10, 1925, was accepted as a "full settlement or any settlement" of this suit. Proof was heard and on November 25, 1936, the trial court entered a judgment directing that appellant's petition be dismissed and it was adjudged that appellees had fully satisfied the claim of appellant prior to the institution of this suit.

We have examined the record carefully, and while there is conflicting evidence as to whether or not the $800 settlement between the parties made on January 10, 1925, anticipated and covered the dispute between Effie Duvall and Porter Lashley finally determined in the case of Lashley v. Duvall, supra, we have concluded that the judgment of the trial court should be upheld. Where the evidence is conflicting in a suit in equity, and there is doubt as to whether the chancellor erred in his conclusion, it is our rule not to disturb his finding upon a question of fact. Hayes v. Hayes' Ex'r, 181 Ky. 589, 205 S. W. 596; Price v. Meade, 182 Ky. 814, 207 S. W. 695; Alexander v. Lewis, 184 Ky. 679, 212 S. W. 440; Hite's Adm'r v. Hite's Ex'r, 265 Ky. 786, 97 S. W. (2d) 811; Ream v. Fugate, 265 Ky. 463, 97 S. W. (2d) 11; Blackburn's Adm'x v. Union Bank & Trust Co., 269 Ky. 699, 108 S. W. (2d) 806; Perkins v. Jackson, 276 Ky. 217, 123 S. W. (2d) 247.

This seems to be an equitable and fair disposition of the case, in view of all the circumstances at hand. As we have noted, disputes and litigation concerning this tract of land had been in progress almost from the time it was conveyed by Ella and James Lashley in 1918, up until the time of the settlement on January 10, 1925. There had been several conferences concerning the settlement of the disputes between appellees and appellant. Appellant paid $2.100 for the tract of land supposed to have contained 152¾ acres. He lost approximately 15 acres of this land to Ida Duvall and subsequently lost 15 acres to Effie Duvall. In each instance he was required to pay $50 damages. While he was out some expense in the way of court costs and other expenses, his remaining 122¾ acres would stand him only a few hundred dollars should he be successful in this suit. While there may have been some increase in the value of the land after appellant purchased it from J. K. Vincent in 1918, at a little less than $14 per acre, the fact that an $800 settlement was made early in 1925 between the parties to this suit, and the evidence relating to the circumstances leading up to the settlement, were sufficient in our opinion to warrant the judgment of the trial court, even though, as we have pointed out, there is conflict in the evidence as to that settlement.

Judgment affirmed.