OPINION of the Court, by
Judge Logajt.
The appellant exhibited his bill for the redemption of certain slaves, which he alleges had been placed in the possession of the appellees’ intestate, to secure the payment of money advanced for him by the intestate.
In the year 1789, the negro woman, from whom the other slaves in question are descendants, was sold under an execution against the estate of the appellant $ and the intestate of the appellees became the purchaser. Anri in a few days thereafter, an absolute bill of sale was given by the appellant, purporting to be for a greater consideration than the amount of the execution. From that period until the filing of this bid in 1813, the purchaser and those claiming through him have been in the undisturbed possession of those slaves — a period of twenty odd years.
To relieve against a possession of this standing,,,the evidence ought in any case to be clear and explicit in the establishment of a mortgage, or that the slaves were held merely as a pledge, under circumstances which should not bar the right of redemption. But when au instrument of writing has passed in the nature of an absolute transfer of property, the vague impressions of s« *529 |gng standing of witnesses, who may have heard the mere voluntary statements of the purchaser, or mistakenly received impressions from others, without being able at this distant period to disc^j ninate between the mediums of their information, ought certainly most cautiously to be received in invalidating the efficacy of the bill of sale.
But when to these considerations is added, the purchase under the execution, the proof ought to show that the purchase was made under an agreement or assurances to redeliver the property.
The evidence in the case before us proves no such agreement — no such assurances; and the bill of sale subsequently executed, does not weaken the efficacy of the purchase under the execution : it would seem, rather to unite the approbation of the, owner to the sanction of law. Without the proof, therefore, was clear and explicit in relation to the agreement as now alleged, a redelivery of the slaves ought not to be decreed. Nor Would we be understood as deciding upon the effect of parol evidence opposed to an absolute bill of sale, in a case like the present, however positive and clear such testimony might seem. This point we have thought unnecessary to investigate ; because we are satisfied that the evidence at this distant day is too equiv ocal,- as to the time, manner and occasion, which may possibly have produced the impressions of the witnesses.
Decree affirmed with costs,