## Gahren, Dodge & Maltby v. Parkersburg National Bank

(Decided February 4, 1914.)

### Appeal from Lee Circuit Court.

1. Trial—Continuance.—Where a case is assigned for trial on the Thursday of the second week of the term of court for the purpose of giving non-resident witnesses and plaintiff's attorney, who lives in another county, an opportunity to be present at the trial, it is not an abuse of discretion to refuse a continuance on the ground that on the previous Saturday the court discharged its regular jury panel, and defendant, believing that no further jury trials were to be had, left the State.

2. Bills and Notes—Fraud—Evidence.—To prove fraud in the execution or collusion in the negotiation of a note, the mere opinion of a witness that the note was obtained by fraud or that the negotiation was collusive is not sufficient; it is necessary to state facts which if true would constitute fraud and collusion.

3. Bills and Notes—Section 483, Kentucky Statutes.—Section 483, Kentucky Statutes, placing on the footing of a bill of exchange only such notes as are payable and negotiable at and endorsed to and discounted by a bank in this Commonwealth, is repealed by the Negotiable Instrument Act.

4. Bills and Notes—Holder in Due Course—Evidence—Peremptory. —In an action on a note, evidence examined, and held as a matter of law that plaintiff was a holder in due course.

5. Trial—Jury—Empanelling—Failure to Follow Statute—When Error.—A party cannot complain of the fact that the jury was not properly summoned when his evidence presents no defense, and the other party is as a matter of law entitled to a peremptory instruction.

T. B. BLAKEY and V. S. BEATTY for appellants.

BURNAM & BURNAM, W. C. BENNETT and G. W. GOURLEY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On February 17, 1913, Gahren, Dodge & Maltby, a corporation, executed and delivered to its vice-president, J. W. Butler, a certain promissory note by which it agreed

and promised to pay him sixty days thereafter the sum of $1,600. The note was endorsed by J. W. Butler and the Citizens Trust & Guaranty Company of West Virginia, and negotiated by the Parkersburg National Bank of Parkersburg, West Virginia. The note not being paid at maturity, plaintiff, the Parkersburg National Bank, brought this action against defendants, Gahren, Dodge & Maltby and J. W. Butler, to recover thereon. The trial resulted in a verdict and judgment for plaintiff, and defendant appeals.

The note sued on was executed under the following circumstances: One W. F. Garrettson contracted with the United States Government for the construction of Lock No. 13 in the Kentucky River, at a point in Lee County, Kentucky. Garrettson gave bond, with the Citizens Trust & Guaranty Company as surety, for the completion of the work in accordance with the specifications prepared by the government. Garrettson having failed to comply with his contract, it was canceled. Thereupon the government notified his surety, the Citizens Trust & Guaranty Company, either to complete the dam or pay the penalty of the bond. On October 7, 1912, the Citizens Trust & Guaranty Company entered into a contract with the government for the completion of the work, and on October 8, 1912, with the consent and approval of the government, sub-let the contract to Gahren, Dodge & Maltby, in accordance with the terms of a preliminary contract made by it with Gahren, Dodge & Maltby on September 17, 1912. By the contract in question, Gahren, Dodge & Maltby agreed to take care of and pay the pay-rolls for the work until the estimates received from the government exceeded the payrolls paid. The government being slow in paying over the actual cash for the estimates, Gahren, Dodge & Maltby, through their vice-president J. W. Butler, requested the Citizens Trust & Guranty Company to assist them in raising the sum of $4,600 to carry on the work until the estimates were received and paid. To facilitate the work, and to accommodate Gahren, Dadge & Maltby, two notes were executed by that company to its vice-president, J. W. Butler, and payable to his order; one for the sum of $1,600, due thirty days after date, and one for $3,000, due sixty days after date. Both of these notes were endorsed by Butler and the Citizens Trust & Guaranty Company. These two notes were discontinued by plaintiff, the Parkersburg

National Bank of Parkersburg, West Virginia. A draft for the proceeds, amounting to $4,562, was delivered by the bank to the trust company, and then mailed by the trust company to the Farmers Bank of Estill County, and the money placed there to the credit of defendant, Gahren, Dodge & Maltby. The $1,600 note was renewed once, and is the obligation sued on in this action. The proceeds of this note were actually received by Gahren, Dodge & Maltby and used by it in the prosecution of the work. That company abandoned the work on Lock No. 13 in December, 1912, and failing to meet this and other obligations discounted for their accommodation, plaintiff brought this action. As a defense to the action defendants pleaded in substance that the note was without consider.tion and its execution was procured by fraud on the part of the plaintiff and the trust company. They further pleaded that plaintiff was not a holder in due course, and had paid nothing for the note, and that the note was only the obligation of the trust company.

The first error relied on was the refusal of the court to grant defendants a continuance. The motion for a continuance was predicated on the fact that the trial court had discharged its common law jury for the July term, and defendants and their attorneys believed there would be no further trials during that term. They were, therefore, taken by surprise when the case was called for trial. It appears, however, that the action was instituted in April, 1913, and made returnable for trial at the July term of that year. As several of the witnesses were non-residents, the court assigned the case for trial on Thursday of the second week of the term. Plaintiff's witnesses were notified to be present on that day, and its attorneys came from Richmond, Kentucky, for the purpose of conducting the trial. In the meantime Butler had left the state, claiming that he did not think the case would be called for trial. In our opinion, the trial court did not abuse its discretion in refusing a continuance under the circumstances. The case having been regularly set for a trial on a certain day for the accommodation of parties, witnesses and attorneys, defendants had no right to assume, merely because the trial court discharged the common law jury for the term, that there would be no further trials during that term. As there were to be no further trials until the following Thursday, it was not only right but the duty of the court to dis-

charge the jury and thus save the Commonwealth the unnecessary expense of its attendance.

In refusing the continuance the court permitted the affidavit of T. B. Blakey, one of defendants' attorneys, to be read as the deposition of J. W. Butler. It was averred in this affidavit that Butler, if present, would testify in a general way that the note was obtained by fraud, and that there was collusion between the plaintiff and the trust company. Manifestly, the mere opinion of the witness, unaccompanied by any statement of facts which if true would constitute fraud or collusion, is not sufficient to show fraud or collusion. The affidavit not only fails to state any facts showing fraud on the part of the trust company, but also fails to show that the plaintiff had actual knowledge of any infirmity in the note or defect in the title of any of the persons negotiating the note, or knowledge of such facts that its action in taking the instrument amounted to bad faith. On the contrary, the evidence shows that the defendants received the proceeds of the note sued on and used the proceeds in the prosecution of the work. It being no longer necessary that a note shall be payable and negotiable at a bank in this state, and be actually endorsed to and discounted by a bank in this State, in order to place it on the footing of a bill of exchange, since section 483, Kentucky Statutes, so declaring, has been repealed by the Negotiable Instrument Act, Williams v. Paintsville National Bank, 143 Ky., 781, it follows that as the note in question was complete and regular on its face, and possessed all the requisites of a negotiable instrument, and was discounted by plaintiff in good faith and for value before it was overdue, and without notice of previous dishonor or of any infirmity in the instrument or defect in the title of the persons negotiating, plaintiff was a holder in due course, and the instrument was not subject to any defense that defendants might have against the trust company. Section 3720b, sub-sections 52, 55, 56, 57, Kentucky Statutes. As a matter of law, therefore, plaintiff was entitled to a peremptory instruction.

But it is insisted that the trial court in summoning the jury did not follow the method prescribed by the statute. Without discussing the question whether or not the jury was properly summoned, it is sufficient to say that a party can only complain of this fact when there

is an issue for the jury. He cannot complain when his evidence is insufficient to take the case to the jury, and the other party is, therefore, entitled to a peremptory instruction.

Other immaterial errors are relied on, but we deem it unnecessary to consider them.

Judgment affirmed.