## Southern National Bank v. Schimpler, et al.

(Decided June 3, 1914.)

### Appeal from Jefferson Circuit Court (Chancery No. 1).

Bills and Notes—Bills of Exchange—Section 2515, Kentucky Statutes, Abrogated by Negotiable Instrument Act—Limitation.—The repeal of Section 483 of the Kentucky Statutes by the enactment of the Negotiable Instrument Act carries with it the abrogation of so much of Section 2515 of the Kentucky Statutes as applied to negotiable notes placed upon the footing of bills of exchange, and while it is not decided whether the note in controversy has been placed upon the footing of a bill of exchange, the five year statute of limitation does not apply, and it was error to sustain the plea.

BENNETT H. YOUNG, MARION W. RIPY for appellant.

WEHLE & WEHLE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

On the 22nd of May, 1905, the appellees Schimpler and Pfingst executed to appellant the following note:

"Louisville, Ky., May 22, 1905.

"On demand, for value received, we jointly and severally promise to pay to the order of Southern National Bank, Louisville, Twenty-five Hundred ......................

Dollars ($2,500.00) negotiable and payable at the Southern National Bank, Louisville, with interest from date. It is agreed by the parties that this note shall bear interest after maturity until paid.

"CHARLES SCHIMPLER,
"MARY A. PFINGST."

Suit on this note was instituted on the 23rd of February, 1912. Schimpler made no defense, but Mrs. Pfingst filed an answer in three paragraphs.

In the first paragraph she denied that she had paid any interest on the note, or that the payment of same had been demanded of her at any time except on the 21st of September, 1911.

In the second paragraph she alleges that she was only the surety of Schimpler on this note, and that this was known to the bank; that the note was due, according to law, on the day of its date, being a demand note, and that quarterly after its execution the plaintiff bank, without her knowledge or consent, entered into numerous agreements with Schimpler, the principal therein, whereby it agreed to extend to him the loan for three additional months upon each occasion, in consideration of Schimpler's promise to pay to the bank the interest on said loan during the period of extension, and that by reason of these agreements of extension, she as surety was released.

In the third paragraph she pleads that the note was by law put upon the footing of a bill of exchange, and that more than five years having elapsed between the maturity of the note and the institution of the action, it was barred by limitation.

The cause was transferred to the equity docket, and the court sustained the plea of limitation and dismissed the petition.

But two questions are necessary to be considered: (1) Did the bank, without the knowledge and consent of the surety, make such an agreement of extension with the principal as would release the surety? and (2) does the five-year statute of limitation apply?

Schimpler, who is a son-in-law of Mrs. Pfingst, in substance testifies that at each quarterly period after the execution of the note up to the fall of 1911 he paid the interest due for the past quarter out of his own funds. and upon each occasion the bank officers or some one of them agreed that if he would pay the interest at the

expiration of the approaching quarter the note would be extended for that length of time, and that the appellee ·Pfingst knew nothing of these agreements.

The bank officers stated that no such agreements were ever at any time made with Schimpler, and in view of the fact that the note shows on its face that it was bearing interest the necessity of such additional agreement upon the part of Schimpler or the bank is not apparent.

However, upon this branch of the case the chancellor below held that the evidence did not sustain the appellee's contention, and we fully concur in that finding.

That part of section 2515 of the Kentucky Statutes, which the lower court held to be applicable here, is as follows, to-wit:

"An action upon a bill of exchange, check, draft, or order or any endorsement thereof, or upon a promissory note placed upon the footing of a bill of exchange * * * shall be commenced within five years next after the cause of action accrued."

At the time that statute was enacted no note in this State was put upon the footing of a bill of exchange, unless it was made negotiable and payable at some bank in this State and discounted by a bank in this State be·fore maturity (Kentucky Statutes, 483); but since that time, and in 1904, the Negotiable Instrument Act was passed (Kentucky Statutes, 3720b, sub-section 184), which provides:

"A negotiable promissory note within the meaning of this act is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay *on demand* or at a fixed or determinable future time a sum certain in money to order or to bearer."

Section 2551 of the Kentucky Statutes provides that a surety in any obligation or contract (with certain exceptions not here involved) shall be discharged from all liability thereon when seven years shall have elapsed without suit thereon after the cause of action accrued.

So that the question is whether the five-year statute or the seven-year statute releasing sureties should be applied in this case. If the five-year statute is applicable then the appellee Pfingst is released from liability, and if not, seven years not having elapsed between the maturity of the note and the institution of suit thereon, ·a judgment should be rendered against her.

The part of section 2515 applying to promissory notes placed upon the footing of bills of exchange was intended to apply only to that limited class of notes carefully described in section 483, Kentucky Statutes; at that time a negotiable promissory note could be put upon the footing of a bill of exchange only by discounting the same before its maturity at an incorporated bank, whereas under the Negotiable Instruments Act now in force such a note may be placed upon such footing by its sale and endorsement to *any person,* and all defenses are cut off in favor of the holder just as they formerly were when discounted at a bank. In other words the present act has greatly enlarged the means by which such notes may be put upon the footing of bills of exchange, and has thereby greatly increased the number of such notes which are put upon that footing.

Therefore that limited class of notes described in section 483 (and to which section 2515, in so far as it applies to negotiable notes placed upon the footing of bills of exchange, was intended alone to apply) having been so greatly enlarged and extended—in fact under the present act *all* negotiable notes are capable of being placed upon the footing of bills of exchange, to whomsoever they may be negotiated—it would seem there is no longer any reason to apply the five-year statute to this general class of notes even when they have been placed upon the footing of bills of exchange, and the limitation provided by the statute applicable to all classes of contracts and obligations should be held to cover them. The limited class to which that part of section 2515 was intended only to apply, having been enlarged so as to make it a general class, there is no longer any reason for applying this special provision to the enlarged general class, but the general provision should be held to embrace and apply to the same. The repeal of section 483, Kentucky Statutes, by the enactment of the Negotiable Instrument Act (Williams v. Paintsville Nat. Bank, 143 Ky., 781) carries with it the abrogation of so much of section 2515 as applied to negotiable notes placed upon the footing of bills of exchange. Without deciding whether the note in question has been placed upon the footing of a bill of exchange, we are of opinion that the five-year statute does not apply, and that the seven-year statute as to sureties does.

For the reasons given the judgment is reversed, with directions to enter a judgment against the appellee Pfingst.