# Holt Bros. Mining Co. v. Stewart et al.

(Decided June 23, 1933.)

T. E SPARKS for appellant.

HUBERT MEREDITH for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a suit under the Declaratory Judgment Act. (Civil Code of Practice sec. 639a-1 et seq.) to have determined the rights and obligations of the parties hereto under the following state of fact: On October 4, 1920, the Holt Bros. Mining Company as a part of the consideration for the sale to it by the McHenry Coal Company, a corporation, of the latter's business and assets, executed and delivered unto the McHenry Coal Company its promissory note dated October 4, 1920, by the terms of which it agreed to pay to the order of the McHenry Coal Company, sixteen months after date, the sum of $18,750. This note became due on February 4, 1922. Prior to the due date of the note, and for a valuable consideration, the McHenry Coal Company duly indorsed this note, "Pay to the order of L. L. Stewart, McHenry Coal Company by A. J. Earley, President; L. L. Stewart Secretary," and delivered it to L. L. Stewart, who thereupon became the complete owner of the note. Thereafter the McHenry Coal Company was dissolved and all of its property and assets were distributed. Some time after he had come into the ownership and possession of the note in question, Stewart lost or misplaced it. Upon its maturity, the Holt Bros. Mining Company desired to pay the note but wanted protection because of Stewart's inability to surrender the note upon its payment. In order to safeguard and protect the Holt Bros. Mining Company in paying said note, Stewart under date of February 23, 1922, executed and delivered to the Holt Bros. Mining Company a

bond of indemnity by the terms of which he placed in the hands of the Fidelity & Columbia Trust Company of Louisville, $20,000 par value of United States government Liberty Loan bonds. Thereupon the Holt Bros. Mining Company paid Stewart the note in question. Matters remained in this status until a short while ago when Stewart needed his bonds. He made demand upon the Holt Bros. Mining Company that it direct the trust company to return his bonds to him but it declined to do so. Thereupon this suit was brought for a declaration of the rights of the parties. Whether or not Stewart is entitled to a return of his bonds depends, first, on whether after the indorsement to him of the note in question it was yet a negotiable instrument, and, secondly, if it was a negotiable instrument, did the indorsement and delivery of it to him before maturity for a valuable consideration place it upon the footing of a foreign bill of exchange, for if it did the 5-year statute of limitations (Ky. Stats. sec. 2515) applies to any cause of action upon it, but if not, the fifteen-year statute applies (Ky. Stats. sec. 2514). Southern National Bank v. Schimpler, 159 Ky. 372, 167 S. W. 148, on rehearing 160 Ky. 813, 170 S. W. 178. The lower court found that the indorsement and delivery of the note to Stewart by the McHenry Coal Company did not render it a nonnegotiable instrument, and that such indorsement and delivery before maturity for a valuable consideration placed it upon the footing of a foreign bill of exchange, from which it followed that the five-year statute of limitations applied. It thereupon ordered the return to Stewart of his bonds. From that judgment this appeal is prosecuted.

It is argued first that the indorsement of the note by the McHenry Coal Company to L. L. Stewart was a restrictive indorsement within the meaning of section 3720b-47 of the Statutes, part of our Negotiable Instrument Act. That section reads:

"An instrument negotiable in its origin continues to be negotiable until it has been restrictively endorsed or discharged by payment or otherwise."

Section 3720b-36 of the Statutes, also part of our Negotiable Instrument Act, provides:

"An endorsement is restrictive which either:

"(1) Prohibits the further negotiation of the instrument; or

"(2) Constitutes the endorsee the agent of the endorser; or

"(3) Vests the title in the endorsee in trust for or to the use of some other person. But the mere absence of words implying power to negotiate does not make an endorsement restrictive."

In the light of the foregoing, it is obvious that the indorsement to Stewart of the note here in question was not a restrictive one. It does not come within any of the definitions of a restrictive indorsement set out in section 3720b-36 of the Statutes, which being true, the negotiable character of the note was not destroyed by the indorsement in question. That the indorsement and delivery of this note to Stewart before maturity, and for a valuable consideration placed it upon the footing of a foreign bill of exchange, there can now be no doubt. In the case of Gahren, Dodge & Maltby et al. v. Parkersburg Nat. Bank, 157 Ky. 266, 162 S. W. 1135, 1136, speaking to this point, we said:

"It being no longer necessary that a note shall be payable and negotiable at a bank in this state, and be actually indorsed to and discounted by a bank in this state, in order to place it on the footing of a bill of exchange, since section 483, Kentucky Statutes, so declaring, has been repealed by the Negotiable Instrument Act (Williams v. Paintsville National Bank, 143 Ky. 781, 137 S. W. 535, Ann. Cas. 1912D, 350), it follows that as the note in question was complete and regular on its face, and possessed all the requisites of a negotiable instrument, and was discounted by plaintiff in good faith and for value before it was overdue, and without notice of previous dishonor or of any infirmity in the instrument or defect in the title of the persons negotiating, plaintiff was a holder in due course, and the instrument was not subject to any defense that defendants might have against the trust company. Section 3720b, subsecs. 52, 55, 56, 57, Kentucky Statutes."

Since the note here in question by the indorsement and delivery of it to Stewart before maturity and for a valuable consideration was placed upon the footing of a foreign bill of exchange, it follows that the five-year and not the fifteen-year statute of limitations was the

one applicable to causes of action upon it. Southern National Bank v. Schimpler, supra. This being true, the lower court was correct in holding that Stewart was entitled to a return of his bonds. Its judgment is affirmed.