## National Bank of Lima v. Deaton et al.
June 16, 1939.

H. H. Ramey, Special Judge.

Jouett & Metcalf and W. W. Reeves for appellant.
Napier & Napier for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing in part and affirming in part.

On December 8, 1930, John G. Deaton and his wife, Elizabeth Deaton, executed to the Lima Trust Company of Lima, Ohio, two notes of $1,350 each, due and payable one and two years after date, respectively, and, to secure the payment thereof, executed a mortgage on three tracts of land in Perry County, Kentucky, the first two of which tracts were originally owned by the Buckhorn Coal and Lumber Company and purchased at decretal sale by appellant and by it conveyed to John G. Deaton. The third tract covered by the mortgage was a tract conveyed to Elizabeth Deaton by John G. Deaton on March 1, 1903.

In June, 1931, the Lima Trust Company merged or consolidated with the Lima First American Trust Company and, at the time of this consolidation, the notes were endorsed and transferred to the Lima First American Trust Company. This latter company went into liquidation in February, 1933, and the superintendent of banks in the State of Ohio in the year 1934 transferred the notes in question to the appellant, the National Bank of Lima, Trustee, which instituted this action on the notes and sought a foreclosure of the mortgage given to secure them.

These notes were held by the Lima Trust Company under an agreement and declaration of trust which covered a considerable amount of land in Leslie and Perry Counties in Kentucky, by virtue of which participation certificates divided into 2,024 indivisible equal shares were issued to a large number of individual holders, and among these holders was Thomas A. White, who held sixty-one two-thousand- and twenty-fourths. Thomas A. White was also one of three members of an advisory committee designated by the agreement and declaration of trust.

The appellees, by the second paragraph of their amended answer and counterclaim, pleaded that by the transfer of the notes by the Lima Trust Company to the Lima First American Trust Company, they were thereby placed upon the footing of a bill of exchange and appellant's right of action thereon was barred by the 5-year statute of limitations. By the third paragraph of the answer set off and counterclaim, they pleaded that

on March 16, 1935, John G. Deaton entered into a written contract with the Southern Stave and Timber Corporation by which he sold to it and the Buckhorn Coal and Lumber Company 600 white oak trees on the land, which were of the reasonable value of $10 per tree, aggregating $6,000, and that, by the terms of the contract aforementioned, the Buckhorn Coal and Lumber Company, by its agent, Thomas A. White, promised and agreed that out of the purchase price of said timber, the Buckhorn Coal and Lumber Company would credit the notes sued on to an amount not to exceed $3,350. It was further alleged that Thomas A. White was a member of the advisory committee of the Lima Trust Company and an agent for the Buckhorn Coal and Lumber Company and that, by connivance between White and the Lima Trust Company and the Buckhorn Coal and Lumber Company, together with the Southern Stave and Timber Corporation, the 600 trees of the reasonable value of $6,000 were obtained from the appellees and no credit given on the notes therefor.

The contract of sale above referred to was filed as an exhibit with the answer, set-off and counterclaim, and is neither more nor less than a sale of the timber by Deaton to the Southern Stave and Timber Corporation with a provision that payments for the timber sold should be made to the Buckhorn Coal and Lumber Company in the total amount not to exceed $3,350, to apply against the mortgage held by the Buckhorn Coal and Lumber Company against John G. Deaton, by which was evidently meant the mortgage notes sued on in this action with the accumulated interest, although, as above recited, the notes were held by the Lima Trust Company. While the appellees alleged that the timber was sold to the Buckhorn Coal and Lumber Company, such was not the fact, and the only effect of that contract was that the purchaser of the timber agreed that payment therefor would be made in such manner as to satisfy these notes.

The pleadings and evidence are very much involved. As a matter of fact, it is difficult to gather from the evidence that the Buckhorn Coal and Lumber Company had any interest in the notes, the only evidence thereof being the recitation in the contract that payments for the timber sold should be applied on the notes held by the Buckhorn Coal and Lumber Company. Testimony for the appellant indicates that the Buckhorn Coal and Lumber Company had no ownership or interest in the

notes or the participation certificates held under the declaration of trust above mentioned.

The trial court held that the contract by which Deaton sold the timber to the Southern Stave and Timber Corporation and by virtue of which payments thereunder were to be made by the purchaser on the notes sued on constituted a novation between the holder of these notes and appellees, and rendered judgment setting off the value of timber removed from the land by the Southern Stave and Timber Corporation against the amount of the notes, but denied judgment to appellees on their counterclaim against appellant for the balance of the purchase price of the timber. From that judgment appellant prosecutes this appeal and appellees prosecute a cross-appeal from that part of the judgment denying them judgment on their counterclaim against appellant for $2,650, the balance of the $6,000 alleged value of timber cut over and above the amount of the notes.

It is at once obvious that the trial court was in error in adjudging the contract of sale above referred to to be a novation. It was no more than a sale of the timber with the agreement on the part of the purchaser to apply the purchase price on the payment of the two notes held by appellant. Even though it be conceded that the Buckhorn Coal and Lumber Company was the beneficial owner of the notes and consented to this arrangement, this transaction had no elements of a novation. In order to constitute a novation such as will release an obligation, it is necessary that there be a new contract which, by agreement of the parties, extinguishes the existing contract or obligation, and to this end, it must appear that the creditor unconditionally released the original obligor and accepted the third person in his stead. Daviess County Bank & Trust Co. v. Wright, 129 Ky. 21, 110 S. W. 361, 17 L. R. A., N. S., 1122; 20 R. C. L. 371. In the contract relied on as a novation there is no intimation whatever that this contract was being substituted for the promissory notes. It was only an arrangement by which payments would be made on the notes and appellant was not a party thereto.

Appellees insist, however, that even if the trial court was in error in adjudging the transaction to be a novation, yet the circumstances were such as to entitle the

appellees to an equitable set-off against the notes to the extent of the value of timber removed from the land. We are unable to give serious consideration to this contention, for the reason that the contract was between appellees and the Southern Stave and Timber Corporation and was in no sense of the word a sale to the Buckhorn Coal and Lumber Company. Thomas A. White, as agent for the Buckhorn Coal and Lumber Company, merely endorsed his approval on the contract on condition that payments for the timber be made to that company. Even though we assume that the Buckhorn Coal and Lumber Company was the beneficial owner of the notes sued on herein, which proposition is extremely doubtful, nevertheless, it is not responsible for the failure of the purchaser of the timber to apply the purchase price thereof to the payment of the notes. Possibly, if appellees had shown that a part of the purchase price of the timber was turned over to the Buckhorn Coal and Lumber Company to be applied to that extent to the satisfaction of the notes, they would be entitled to credit on the notes to the extent of such payments—as a matter of fact, approximately $300 was paid on the purchase price and this sum was credited on the notes. Even this proposition is doubtful, as it is purely a matter of speculation as to whether the Buckhorn Coal and Lumber Company had any interest in the notes sued on. We have examined the record carefully and can find no possible justification for appellees' claim of a right to a set-off as against these notes.

Nor do we find any merit in the claim that appellant's cause of action was barred by the statute of limitations. To place a note upon the footing of a bill of exchange, it must be negotiated before maturity for a valuable consideration; the transfer must be such as to constitute the transferee a holder in due course. Holt Brothers Mining Co. v. Stewart et al., 250 Ky. 199, 61 S. W. (2d) 1073; Sweeney v. Taylor's Executor, 205 Ky. 390, 266 S. W. 665; Paintsville Nat. Bank v. Robinson, 220 Ky. 418, 295 S. W. 412. The transfer of the notes in controversy by the Lima Trust Company to the Lima First American Trust Company on the merger or consolidation did not operate to constitute the transferee a holder in due course. Where there is a consolidation of two banks and a new corporation is formed distinct from the two corporations preceding it, such consolidation does not give the consolidated bank a superior status as

to commercial paper held by either of the original banks —the consolidated bank merely steps into the shoes of the old banks. Zollmann, Banks and Banking, Volume 1, Section 153. It is therefore apparent that the transfer of the notes to the new corporation did not operate to place the notes on the footing of a bill of exchange. This being true, the 15-year statute of limitation, Kentucky Statutes, Section 2514, and not the 5-year statute, Kentucky Statutes, Section 2515, is applicable and the plaintiff's cause of action was not barred by limitation.

The judgment is affirmed on the cross-appeal and reversed on the original appeal with directions to enter judgment for plaintiff for the amount of the notes sued on.