## Root et al. v. Rowland.

Oct. 14, 1941.

William Lewis & Son and A. D. Hall for appellants.

Roy W. House for appellee.

Opinion of the Court by Judge Cammack—Affirming.

In September, 1932, M. F. Root and his wife, Belle Root, executed a $1,000 note, due and payable one year after date, to Henry Rowland. The note was secured by a mortgage on real estate and was never negotiated. Rowland instituted this action some four years after the note became due in September, 1933, and the trial resulted in a judgment in his favor. It was directed that the interest of M. F. and Belle Root in the land covered by the mortgage be set aside and sold to satisfy the indebtedness. Other parties with interests in the land were made parties defendant, and the judgment directed the manner in which those interests should be allotted. But we are concerned only with the rights of M. F. and Belle Root, since they are the only parties who objected and excepted to the judgment and prayed an appeal to this Court, which was granted.

They urge reversal upon the following grounds:

"(1) Limitation was tolled ere the institution of this action.

"(2) If maker can waive non-payment of his obligation, this action is futile."

"(3) The signatures of the female appellant to the writings declared upon herein, were procured by extortion, force and duress."

It is insisted that the note sued on was a negotiable instrument and that the five year limitation period (Section 2515, Kentucky Statutes) began to run from the date the note was made; but Section 2514 of the Statutes applies, since this was a promissory note which was never negotiated. Alexander v. West, 241 Ky. 541, 44 S. W. (2d) 518. But, even if the appellants were correct as to the applicability of the five year statute, the suit was brought in time, because no cause of action accrued until the note became due. Alexander v. West, supra; Taylor v. Payne, 276 Ky. 79, 122 S. W. (2d) 964.

The basis of the second contention is that the note which was prepared on a bank note form contained this sentence: "The drawers, securities and endorsers severally waive presentation for payment, protest and non-payment of this note." Obviously, this provision fur-

nishes no basis for the contention that the Roots were excused from paying the note.

We have examined the record carefully and have failed to find that Mrs. Root's signature to the note and mortgage was procured by extortion, force and duress. She admits that she signed the instruments, but says that: "It had me torn all to pieces, yes it did." She says she had been sick for some time before Rowland and a deputy clerk came to her house for the purpose of obtaining her signature and that they harassed her for about an hour before she finally signed. She said that she got so mad, "I told them I could and would sign it, but that I wanted them every one to know that I am signing it but it is against my will." Rowland and the deputy clerk testified that they did not force Mrs. Root to sign the instruments against her will, and her husband testified that he did not think there would have been any question of her signing the mortgage if it had not covered all of their property, including the homestead. There is testimony to the effect that Mrs. Root did not object to signing the mortgage after a provision was included therein to the effect that the Roots reserved the right to select the part of their land to be sold in order to satisfy their indebtedness to Rowland (if it became necessary to sell any of it). Rowland's daughter testified that Mrs. Root told her that she had signed the note and mortgage. While Mrs. Root said that she signed the mortgage against her will, we think the proof and circumstances to the contrary clearly warranted the chancellor in finding that she did not so do. We are disposed to follow his ruling. Lashley v. Lashley, 276 Ky. 689, 125 S. W. (2d) 247, and cases cited therein.

Judgment affirmed.