## Deaton et al. v. Bowling et al.

September 27, 1946.

Sam M. Ward and Don A. Ward for appellants.

W. W. Reeves for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The plaintiffs, John Deaton and wife, sought to have the court require the defendants, Tucker Bowling and Tom C. Johnson, reconvey certain real estate to them in accordance with an express verbal agreement and for an accounting for timber removed. The court denied any relief upon the evidence and they appeal.

Here the right to recover the property is claimed upon the theory of a constructive trust, although it is not pleaded. There was a sale on May 13, 1940, under a decree enforcing a mortgage for the sum of $4,988.55 on 480 acres owned by the plaintiff, Deaton. See National Bank of Lima v. Deaton, 279 Ky. 606, 131 S. W. 2d 495. The judgment creditor bid in the property for its debt, which was less than two-thirds of the appraised value. As the year during which the owner had to redeem the property (KRS 426.530) was about to expire, Deaton tried to borrow the money from a bank in Hazard for that purpose, but it was unwilling to make the loan because of his age (seventy-five years) and his inability ever to work it out. Apparently at his instance his son-

in-law, Bowling, became interested in saving his home. According to the plaintiff, Bowling agreed to accept a conveyance to himself, raise the money, redeem the property, sell the timber for reimbursement and then reconvey the land. While the arrangements were being made, Bowling got another son-in-law, Johnson, to join with him as he did not care to undertake the venture alone. Deaton made them a fee simple deed. They borrowed enough money to redeem the property and out of their own funds satisfied the unpaid taxes and other claims. According to Bowling and Johnson, there was no agreement to reconvey the property, but only a consent that the old folks continue in their home as long as they lived. They were corroborated by several disinterested, substantial witnesses and certain circumstances. The defendants acquired a saw mill and had been cutting and selling timber from the place. It appears that the more valuable timber had been previously cut, as is reflected in the opinion of National Bank of Lima v. Deaton, supra.

It is clear that the contract to reconvey the land as claimed by the plaintiffs is unenforcible under the Statute of Frauds. KRS 371.010; Todd v. Finley, 166 Ky. 546, 179 S. W. 455. But a constructive trust, the enforcement of which requires the conveyance of land, may be declared by equity under some circumstances and by reason of the transaction, although the inception was a parol agreement. Enforcement is permitted in this state where the seventh and eighth sections of the original or English Statute of Frauds and Perjuries, requiring trusts in land to be declared in writing, have not been enacted. The right of a beneficiary to enforce such a trust does not rest upon breach of contract but in equity and the demand of justice that one who has obtained or holds the legal right to property which he ought not, in equity and good conscience, keep, shall make restitution. Stiefvater v. Stiefvater, 246 Ky. 646, 53 S. W. 2d 926; Moore v. Terry, 293 Ky. 727, 170 S. W. 2d 29; 54 Am. Jur., Trusts, Secs. 218, 221. The evidence to establish such a trust must be definite, clear and convincing, so where the evidence is uncertain, conflicting, doubtful or susceptible of a reasonable explanation on a theory other than the existence of a trust, no trust will be declared. This was first held in 1817 in Berry v. Ber-

ry's Adm'rs, 7 Ky. 528, 4 Bibb 528, where the facts were not different in any material respect from those claimed by the plaintiffs here, and has been repeated over and over again down to Moore v. Terry, supra.

In the present case, while the legal title to the land was still in Deaton, he really owned only an equity, i. e., the right of redemption. He had not been able to raise the money to pay off the mortgage or the judgment, and we gather from the evidence that these sons-in-law were solicited to save the place as a home for the elderly couple. They did so and repeat in this record that the old folks may continue to occupy the house and the garden plot as long as they live. The weight of the evidence is overwhelmingly against the contention of the appellants. We rest the decision upon that, overlooking the absence of appropriate pleading.

It would seem from a consideration of all the testimony that the grantees have not made any money, or at least any substantial sum, over and above the debt against the place. In any event, the appellants' argument that the court was in error in overruling their motion to require defendants to answer specifically questions as to the net sum made from the timber transaction passes out of the case with the conclusion that the plaintiffs failed to establish a right to the relief asked.

The judgment is therefore affirmed.