**Mark HAEBERLE, Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee.**

**No. 88–CA–0075–MR.**

Court of Appeals of Kentucky.

Jan. 27, 1989.

Discretionary Review Denied by Supreme Court May 31, 1989.

Daniel King, III, Ashland, for appellant.

Roberta K. Kiser, Ronald L. Green, Boehl Stopher Graves & Deindoerfer, Lexington, for appellee.

Before GUDGEL and MILLER, JJ., and DUNN, Special Judge.

MILLER, Judge.

Mark Haeberle brings this appeal from a judgment of the Boyd Circuit Court sitting without jury.

The facts are these: On July 14, 1980, appellant, then a resident of Georgia, obtained a $75,000 loan from Citicorp Person to Person Financial Center, Inc. (Citicorp). Appellant issued his $75,000 promissory note (secured by a lien upon his home) to Citicorp. It was to be repaid on a monthly basis over the next twelve years. As part of the transaction, Citicorp required title insurance to protect its interest. St. Paul Title Insurance Corporation (St. Paul Title) issued a title policy to Citicorp.[1] Before issuing the policy, St. Paul Title employed Preferred Research, Inc. (Preferred), to examine title. Through Preferred's error, a prior existing mortgage on appellant's home was overlooked. At this point, all parties became critically concerned. In order to solve the problem, Preferred purchased the prior mortgage and ultimately filed suit against appellant to foreclose same. Appellant's home was sold without bringing a sufficient sum to satisfy Citicorp's inferior mortgage. Citicorp looked to St. Paul Title for payment, the latter of which responded by paying $75,000 to Citicorp and taking assignment of appellant's promissory note. St. Paul Title then sued (in United States District Court for the

1. Subsequently, St. Paul Title Insurance Corporation was sold to First American Title Company.

Northern District of Georgia at Atlanta) Preferred. The latters' errors and omissions carrier, appellee/St. Paul Fire and Marine Insurance Company (St. Paul Fire & Marine), settled with St. Paul Title for $47,500 and took assignment of the note in question.

On May 12, 1987, St. Paul Fire & Marine filed the instant suit against appellant in the Boyd Circuit Court seeking payment of the note. Appellant set up as defenses (1) limitations of action; (2) *res judicata* or issue preclusion; and (3) bar by unjust enrichment. The circuit court rejected all contentions, thus precipitating this appeal.

■ As to the limitations question, certain statutes are involved. Kentucky Revised Statutes (KRS) 413.120(7) provides for a five-year limitations period for "[a]n action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note, placed upon the footing of a bill of exchange."

KRS 413.320 provides:

When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

The Code of Georgia Annotated § 9-3-24 (Harrison 1981) provides "[a]ll actions upon promissory notes, drafts, or other simple contracts in writing shall be brought within six years after the same become due and payable...."

■ Under the foregoing statutory schemes, we think the note, having been negotiated before maturity, was placed upon the footing of a "bill of exchange" and that the five-year statute, provided in KRS 413.120(7), is controlling. *See Southern Nat'l Bank v. Schimpler,* 159 Ky. 372, 167 S.W. 148 (1914), *on reh'g* 160 Ky. 813, 170 S.W. 178 (1914). This is true because KRS 413.320, controlling procedure in our commonwealth, "borrows" the Georgia statute of limitations only if it provides for a shorter period. *See Seat v. Eastern Greyhound Lines, Inc.,* Ky., 389 S.W.2d 908 (1965). It does not. The issue is therefore resolved by applying the five-year statute after maturity of the note—the time the cause of action accrued. KRS 413.120(7). The limitations period on a note placed on the footing of a bill of exchange does not commence until the note becomes due. *See Root v. Rowland,* 287 Ky. 728, 155 S.W.2d 203 (1941). The circuit court found this date to be on or about September 27, 1983—the date demand was made for payment in full. This is a factual finding which we will not disturb, it being supported by substantial evidence. *See Phelps v. Brown,* Ky., 295 S.W.2d 804 (1956); Kentucky Rules of Civil Procedure (CR) 52.01. Since the Boyd Circuit Court action was filed on May 12, 1987, it was well within the limitations period.

■ We turn now to appellant's argument that the suit is barred by the doctrine of *res judicata* or issue preclusion. We will not address the argument regarding issue preclusion as same was not presented to the trial court. *See Heucker v. Clifton,* Ky., 500 S.W.2d 398 (1973). The two doctrines are not identical. *See* Note, *Offensive Collateral Estoppel in Kentucky: A Deadly Weapon or a Paper Tiger,* 76 Ky. L.J. 237 (1987–88). The doctrine of *res judicata* is succinctly set forth in the case of *Newman v. Newman,* Ky., 451 S.W.2d 417 (1970). It will not be applied in a case unless (1) there is identity of parties, (2) identity of two causes of action, and (3) the prior action was decided on its merits. *Id.* at 419.

■ In our view, the doctrine of *res judicata* is inapplicable to the case *sub judice.* Preferred's first lawsuit against appellant was on a different promissory note secured by the same real estate. The proceeds from that foreclosure action would not cover appellant's debt to Citicorp. Citicorp could have sued appellant, but instead elected to recover its loss against St. Paul Title Insurance Corporation under the terms of its title insurance policy (contract)

and assign the note to St. Paul Title. St. Paul Title's suit against Preferred in federal court was premised upon negligence. Preferred's errors and omissions carrier, St. Paul Fire and Marine, settled with St. Paul Title and took assignment of the note. In short, the case *sub judice* is the first action based upon the promissory note at issue. While it is true the parties on the other suits may have had to introduce evidence of this note as proof in those proceedings, at no time was the validity of the note or appellant's obligation thereunder at issue. As such, *res judicata* will not operate as a bar in these proceedings.

 Finally, we address appellant's contention that as a result of its recovery below, appellee has been unjustly enriched. We cannot say that the doctrine of unjust enrichment precludes suit on a note which was acquired for less than the face value. That doctrine, an equitable one, is applicable as a basis of restitution to prevent one person from keeping money or benefits belonging to another. *See Union Central Life Ins. Co. v. Glasscock*, 270 Ky. 750, 110 S.W.2d 681 (1937); 66 Am.Jur.2d *Restitution and Implied Contracts* § 1 et seq. (1973). The fact that St. Paul Fire and Marine acquired the $75,000 note sued upon for $47,500 in settlement of a tort claim against its insured does not place St. Paul Fire & Marine in a position of having acquired money or benefits belonging to appellant. The doctrine has no application and is not available as defense.

For the foregoing reasons, the judgment of the Boyd Circuit Court is affirmed.

All concur.