BARLOW *v.* ARNOLD, Executrix, etc.*

(*Circuit Court, D. Kentucky.* March, 1881.)

1. STATUTE OF LIMITATIONS—KENTUCKY—FRAUD—DISCOVERY OF—WHEN CAUSE OF ACTION ACCRUES—PLEADING—PRACTICE.

The Kentucky statute of limitations (Gen. St. art. 3, c. 71, § 6) provides that "in actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake;" and, by section 2, such actions must "be commenced within five years next after the cause of action accrued." In a suit to recover money expended and lost by reason of the fraudulent representations of defendant's testator, *held*, that it will be presumed that the cause of action arose when the fraud was committed, and, to avoid such presumption, the plaintiff must allege and prove the time of the discovery of the fraud.

2. SAME—PLEADING—PRACTICE.

And where the defendant had pleaded the statute, alleging that the cause of action accrued when the alleged fraud was committed, (which was more than five years before the suit was brought,) *held*, that upon failure to reply thereto the defendant is not deprived of her right to a judgment in her favor, because she had also alleged that the fraud was discovered more than five years before suit was brought, to which the plaintiff had tendered the general issue.

3. KENTUCKY CODE—PRACTICE—STATUTE OF LIMITATIONS—DEMURRER—EQUITY PRACTICE.

Motion for Judgment on the Pleadings.

*R. W. Wooley* and *Muir & Heyman,* for plaintiff.

*Bijur & Davie* and *W. H. Cheef,* for defendant.

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

BARR, D. J. This suit is brought to recover of defendant, as executrix, the sum of $100,000, with interest from July 29, 1872, which it is alleged was expended and lost by reason of, and upon, the fraudulent pretences and representations made by Philip Arnold to the plaintiff in reference to a pretended discovery of a diamond field on the borders of New Mexico and Arizona. The answer of the defendant traverses the allegations of the petition, and pleads and relies upon the statute of limitations, which bars such actions after five years. One of the paragraphs of the answer alleges that the cause of action accrued when the money was paid, in July, 1872, and when the alleged fraud was perpetrated; and the other paragraph sets up and relies upon the statute of limitations, upon the idea that the cause of action accrued when plaintiff discovered the fraud, or could with reasonable diligence have discovered it. This is alleged to have been in the month of November or December, 1872. The replication of plaintiff, in one of its paragraphs, attempts to avoid the allegation of the second paragraph in the answer by alleging the discovery of the fraud of Arnold within five years before the bringing of the suit, which was October 23, 1879. This paragraph of the replication has been held bad on demurrer, because it did not allege any facts showing or tending to show diligence in the investigation of the alleged fraud. Time was given plaintiff to amend his replication. This time has expired, and no amendment has been filed or tendered. The demurrer to the other paragraph of the replication was overruled. This paragraph (third) was perhaps intended to be a traverse of the third paragraph of the answer of the defendant, which sets up and relies upon the statute of limitations, upon the idea that the cause of action only accrued when the fraud was discovered, and that the burden of alleging and proving when the discovery was made, is upon the defendant.

The defendant now moves the court for judgment upon the plea of the statute, as pleaded in the second paragraph of the answer. This motion is based upon the theory that plaintiff's cause of action is presumed to have accrued when the fraud is alleged to have been perpetrated, and the money

paid in consequence of said fraud; and that, to avoid the running of the statute from that time, the plaintiff must allege facts tending to show that, after using reasonable diligence, he did not discover the fraud until within five years before the institution of this suit.

If this be true, then defendant is entitled to a judgment on the plea of the statute of limitations, because that plea is not traversed or avoided.

The sixth section of article 3, *c.* 71, Gen. St., title, "Limitations of Actions," is in these words: "In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought 10 years after the time of making the contract or the perpetration of the fraud."

In a previous section (second) of same article and chapter, it is enacted that "an action for relief on the ground of fraud or mistake" "shall be commenced within five years next after the cause of action accrued."

The question is, when does the cause of action accrue in such cases?

It is necessary for the defendant, under the Kentucky Code system, to plead the statute of limitations, but whether it is sufficient for him to assume that the cause of action accrued upon the perpetration of the fraud, and leave to the plaintiff to avoid the running of the statute from the perpetration of the fraud by the allegation and proof of a discovery of the fraud since its perpetration, is an undecided question in this state.

It may be argued that, under section 6, if the defendant relies on the 10-year limitation as therein provided, he must allege that the fraud complained of was *perpetrated* more than 10 years before the bringing of the suit; and that if he relies on the five-year limitation of that section, he should allege the *discovery* of the alleged fraud more than five years before the institution of this suit. This argument would not be without force, but the objection to it is that there would be different times when the cause of action accrues on the same

state of facts, depending upon whether or not the limitation pleaded was five or ten years. Again, it would throw upon the defendant the burden of alleging and proving the time of the plaintiff's discovery. of the fraud.

The time of the plaintiff's discovery of the fraud is always within his knowledge, and rarely within that of the defendant. If, therefore, a defendant is required to allege and prove the time of the plaintiff's discovery of the fraud, he might be often deprived of the benefit of the statute of limitations, which is a statute of repose, and should be liberally construed.

The earlier equity practice would have required the setting up in the bill of the alleged fraud, to which the defendant might have pleaded the lapse of time, and to that plaintiff might reply the recent discovery of the fraud. Story, Eq. Pl. §§ 676, 677. The later equity practice required the plaintiff in his bill to allege the time of the discovery of the fraud, so as to avoid the lapse of time and the plea of the statute where it applied. See Mitford & Tyler, Pl. 356; *Carr, Assignee,* v. *Hilton,* 1 Curtis, 390; Story, Eq. Pl. § 754; *Field* v. *Wilson,* 6 B. Mon. 489; *Carmals* v. *Parker, Adm'r,* 7 J. J. Marsh. 455.

In equity, the burden of alleging and proving, if denied, the time of the discovery of a fraud, is upon the plaintiff, in the suit for relief upon that ground.

I have heretofore construed this section of the statute of limitations by the light of the previous equity rule, in the suits for relief for fraud or mistake, and it is proper that the equity practice, as to the mode of pleading, should be applied as far as it can be, having regard to the express provisions of the Code of Practice.

The Kentucky Code, unlike that of New York and many other states, requires parties to plead to an issue, and recognizes such pleadings as replies, rejoinders, surrejoinders, etc. Section 100. It is, therefore, difficult to find any decision touching upon the point under consideration.

The New York Code provides that in cases of fraud, the cause of action is "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the

fraud." New York Code, § 91, subsec. 6. The question under this section arose as to the burden of proving the time of discovery of the fraud. The superior court, in *Baldwin* v. *Martin*, 35 N. Y. Sup. Ct. 98, held that the burden of proving the time of the discovery, was upon the plaintiff.

The previous New York statute was that "bills for relief on the ground of fraud shall be filed within six years after the discovery of the facts constituting such fraud, and not after that time." 2 Rev. St. 399. The supreme court, in *Eneckson* v. *Queen*, 3 Lans. 302, in construing this law, held that the burden was on plaintiff to allege and prove the time of discovery.

It is true, the New York statute provided that the suit should not be brought "after that time," and the New York Code did not require a reply to the answer setting up the plea of the statute of limitations; still, the principle upon which those cases were decided sustains the view contended for by defendant's counsel.

The inclination of my mind, when this question was first presented, was that the defendant should allege and prove the time of the discovery of the fraud by plaintiff, Barlow; but subsequent reflection and examination of the authorities has satisfied me that the burden of alleging and proving the time of the discovery of this fraud is upon plaintiff, and therefore the second paragraph of defendant's answer is a good plea of the statute of limitations; and, as it is neither traversed nor avoided by the plaintiff, the defendant is entitled to a judgment on her plea.

The fact that the defendant has assumed the burden and alleged the time of the discovery in the third paragraph of her answer, does not deprive her of her right to a judgment on her second paragraph. It is unnecessary to consider the other motions, as defendant is entitled to a judgment on her motion, as herein indicated.