CASE 35.—ACTION BY. M. M. HANBERRY AND OTHERS
    AGAINST V. K. BLAKLEY AND OTHERS.—February 18, 1910.

## Blakley, &c. v. Hanberry, &c.

Appeal from Trigg Circuit Court.

THOMAS P. COOK, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Reversed.

1.  Limitation of Actions—Accrual of Cause—Discovery of
    Mistake—Constructive Notice.—Where a trustee of a fund,
    the income of which is to be paid the cestui que trust, remainder to others, turns over by mistake a part of the
    body of the estate to the cestui que trust, the cause of
    action accrues at once and is barred after five years, under
    Ky. St. sections 2515, 2519, providing that an action for relief on the ground of mistake shall be commenced within
    five years next after the cause of action accrued, and a
    cause shall not be deemed to have accrued until the discovery of the mistake, since he was bound to know that he
    was only entitled to pay the income and that he could not
    dissipate the body of the trust fund.
2.  Limitation of Actions—Mistake—Accrual of Cause.—Under
    Ky. St. section 2515 providing that an action for relief
    on the ground of fraud or mistake shall be commenced
    within five years next after the cause of action accrued,
    and section 2519 (section 229), providing that, in an action
    for relief for fraud or mistake or damages for either, the
    cause of action shall not be deemed to have accrued until
    the discovery of the fraud or mistake, but no such action
    shall be brought 10 years after the time of making the
    contract, a cause of action on the ground of mistake is
    barred after a lapse of 10 years, irrespective of the time of
    its discovery.
3.  Limitation of Actions—Mistake—Effect of Trust.—A trustee
    of a fund paid over by mistake a portion of the body of
    the estate to the cestui que trust and on resigning was

sued by his successor for the amount so paid. The cestui que trust claimed the money as her own, and the trustee more than 10 years after suit was brought, in which judgment went against him, sued the cestui que trust to recover the amount paid. Ky. St. section 2515, 2519, barred in 5 and 10 years actions for mistake and fraud. Held that, though the statute did not apply to matters relating to express trust, it applied to the particular transaction, since at most the cestui que trust was only a constructive trustee of the amount paid by mistake, and there was no express trust, as the trustee had resigned 10 years before the action.

JOHN D. SHAW and ROBERT CRENSHAW for appellants.

DENNY P. SMITH, JOHN W. KELLEY and McQUOWN & BECKHAM for appellees.

OPINION OF THE COURT BY JUDGE BARKER.—Reversing.

Prior to February, 1898, M. M. Hanberry was trustee of a fund, the net income of which belonged to Mrs. V. K. Blakley for life, with remainder to her children. In February, 1898, Hanberry resigned as trustee, and John W. Kelley was appointed in his stead. The new trustee discovered that Hanberry had wasted or lost $484.97 of the principal of the trust fund. He thereupon at once instituted suit against Hanberry and his bondsmen to recover the sum so lost. Pending the action, Kelley was removed and the Planters' Bank & Trust Company appointed in his stead, and the suit was prosecuted to judgment by the last-named trustee. From the judgment in the circuit court against him, Hanberry and his sureties prosecuted an appeal to this court, where the judgment was affirmed, under the style of Bogard et al. v. Planters' Bank & Trust Company, 112 S. W. 872.

Upon the return of the case to the circuit court, the appellants, in November, 1908, paid the judgment into court and immediately instituted this action against Mrs. V. K. Blakley to recover the money paid her by mistake, as it is alleged. As ancillary to the remedy sought in the action, an attachment was sued out and the fund in court attached. Mrs. Blakley in her answer denied all the allegations of the petition concerning the money having been paid her by mistake, alleged that Hanberry had really not paid her as much interest as she should have received during the time he was trustee, and set up a counterclaim against him for money which he had failed to pay her. In addition to these defenses, she pleaded the five years' statute of limitations, being sec. 2515, Ky. St. (Russell's St. sec. 224), and the ten years' statute of limitations, being section 2519, Ky. St. (section 229), in bar of any recovery against her on the cause of action set up in the petition. Upon the trial of the action the chancellor rendered judgment against Mrs. Blakley for $611, being the amount alleged to have been paid by mistake, with interest from the time until date of payment. To review this judgment the defendant has prosecuted this appeal.

The view we have taken of the defense based upon the statute of limitations precludes the necessity of our considering any other question. Section 2515, Ky. St., provides, among other things: "An action for relief on the ground of fraud or mistake * * * shall be commenced within five years next after the cause of action accrued." Section 2519 provides: "In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the

fraud or mistake, but no such actions shall be brought ten years after the time of making the contract or the perpetration of the fraud." Hanberry paid over to Mrs. Blakley whatever money she received from him prior to February, 1898; this action was instituted in November, 1908; so that more than 10 years had elapsed between the time the trustee paid over to the cestui que trust the sum alleged to have been paid her by mistake, and the institution of this action to recover it. The relation of trustee and cestui que trust between the parties ceased in February, 1898. Clearly, the statute bars a recovery of the money so paid.

It is insisted for appellee Hansberry that he and his sureties did not discover the mistake until the final adjudication of this court that there was a mistake in the payment of the money; and, therefore, the statute did not commence until that time. This position is obviously untenable. The trustee was bound to know that he could not dissipate the body of the trust fund. He was bound to know, and he did know, that Mrs. Blakley was only entitled to receive the net income of the trust fund, and that the body of it belonged to the remaindermen, her children. He was bound to know, and he did know, at the time he paid over to her the money that he claims to have paid, that he was turning over to her a part of the body of the trust fund. His cause of action to recover from her the amount paid by mistake arose as soon as the payment was made, and we think the five years' statute applies to his claim against her. But without resting the opinion altogether upon this view, there can be no doubt that the ten years' statute bars his right of recovery. We have often decided that, after the expiration of ten

years from the making of a mistake or the commission of a fraud, no action can be prosecuted for relief, and this whether the fraud or mistake could have been discovered or not within the period of limitation.

Appellant also insists that the statute of limitations does not apply, because this was a trust fund, and limitation does not run or bar claims in matters of trust. This, generally, is true concerning all express trusts; but the same rule does not prevail as to resulting or constructive trusts. It may be true that Mrs. Blakley, when she received the money paid her by mistake, held it constructively as trustee either for the estate or for Hanberry; but money so held by constructive trust is subject to the operation of the statute of limitations. In Commonwealth v. Clark, 119 Ky. 85, 83 S. W. 100, 26 Ky. Law Rep. 993, 9 L. R. A. (N. S.) 750 this very question was involved, and this court, speaking through Judge Settle, said: "It is well settled that limitation does not run during the existence of an express trust; but it is equally well settled that it does run during the existence of a constructive trust." And in the opinion section 865 (4th Ed.) Perry on Trusts, was quoted with approval. The excerpt is as follows: "It has been urged that the statute can not apply in favor of persons who become trustees by construction of law, as where one is construed to be a trustee of property fraudulently obtained, or where a trust estate is traced into his hands, or where a resulting trust arises; and that the cestui que trust is not precluded, in such cases, from his remedy by lapse of time. But the later authorities establish the doctrine that the statute applies in such cases.  *  *  *  All trusts arising by operation of law, whether im-

plied, resulting, or constructive, are subject to the statute. Where persons claiming in their own right are turned into trustees by implication, the bar will become effective. Equity will refuse to interfere in cases of implied trusts after long acquiescence, not only when time has dimmed the facts, but even where it is perfectly clear that relief would originally have been given." The court also cited the case of Wickliffe v. City of Lexington, 11 B. Mon. 161, as establishing the doctrine herein announced.

The foregoing authorities are conclusive of the question before us. Hanberry was certainly notified by the action instituted against him by Kelley, the succeeding trustee, that he had paid over the money by mistake to Mrs. Blakley, and he knew then that he was to be held liable for this error. All relation of trust between him and the estate or between him and Mrs. Blakley had ceased, and he was bound to know that, if he would recover from Mrs. Blakley the money so paid by mistake, he must at all hazards bring suit within the statutory time. Mrs. Blakley was not holding the money paid to her as a part of the trust fund. She claimed then, and she has claimed all the time since, that the money paid to her was her own, and that she had a right to keep it and use it. Her position with reference to both the trustee and the trust fund was antagonistic from the very beginning, and, therefore, if the statute of limitations ever applies to fraud or mistake, it bars the claim against her in this action.

The judgment is reversed, with directions to dismiss the petition.