# Dycus et al. v. Dycus.

Nov. 23, 1943.

H. H. Lovett and John G. Ryan for appellants.

Prince & Cox for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

W. G. Dycus died in April, 1928. He left surviving him his widow, Mrs. Ethel Dycus, and a half-brother, Jack Dycus. Upon her failure to find a will, Mrs. Dycus qualified as administratrix and began the administration of her deceased husband's estate, which, aside from a few lots in La Center which were of little value, consisted of personalty then worth from $17,000 to $20,000, and two tracts of real estate. The home place contained about 60 acres and the other tract contained some 370 acres of unimproved land. A dispute arose between

Mrs. Dycus and Jack as to the manner in which the estate should be divided. This controversy culminated in a contract entered into in August, 1929, under which Mrs. Dycus gave Jack $7,200 in cash, and executed a deed to him for the unimproved tract of land and the lots in La Center. She kept all the remainder of the personalty and assumed the obligations against the estate, which amounted to less than $2,000, and Jack and his wife executed a deed to her for the home tract. Mrs. Dycus made her final settlement of the estate on the basis of this contract.

In June, 1938, Mrs. Dycus filed this action wherein she sought to have construed certain portions of a will written by her husband in 1906, which she said she had found after the aforementioned agreement had been entered into and which she had had probated. Her petition made no reference to the contract or the deeds. It recited that she did not know of the existence of the will or the bequests made in it "for many months after the death of said W. G. Dycus." Subsequently numerous pleadings were filed which set forth the deeds and the contract. An issue was joined on the plea of limitation, Mrs. Dycus having pleaded that the contract was entered into through mutual mistake because she did not know of the existence of the will at the time of its execution. Jack pleaded that Mrs. Dycus's cause of action did not accrue within five years before the commencement of the action, since the mistake, if any, was made more than five years before it was commenced. In response Mrs. Dycus pleaded that she did not know of the existence or the whereabouts of the will until a few months, not exceeding six or eight, before she instituted her action.

Being of the opinion that the decision of this appeal turns on the question of limitation, we shall confine our consideration of the case thereto. For Mrs. Dycus to avail herself of the provisions of KRS 413.130 it was necessary for her to plead and prove that the mistake was discovered within five years next before the bringing of the action. The rule is that, if one who is injured by fraud or mistake is apprised of that fact at the time it is perpetrated, he must bring his action within five years thereafter, but if he is not so apprised he must bring his action within five years after the discovery, but in no event shall the action be brought after the lapse of ten years from the making of the contract or the perpetration of the fraud. Reid v. Singer Mfg. Co., 128 Ky.

50, 107 S. W. 310. The plea made by Mrs. Dycus was good, but her proof fails completely to show that the discovery of the mistake was not made within five years before the commencement of the action. The testimony of Mrs. Dycus on the question follows:

"Q. At the time of Mr. Dycus death did you know of the existence of any will which he had made? A. I did not.

"Q. Did you later find a will? A. Yes, later I did.

"Q. What was done with it? A. I had it probated."

Reliance is placed, however, on the following testimony of a brother of Mrs. Dycus, since it is insisted that he acted as her agent and adviser:

"Q. How long after this settlement in 1929 before you knew anything about that will, or it was discovered?

"Objections by Attorney for Defendant.

"A. If I remember correctly I think it was in 1937 before I knew anything about it, or 38, I don't recall."

While the brother may have acted as an adviser to Mrs. Dycus, there was no showing that he was her agent, but even if he had been he was not a party to the action and it was up to Mrs. Dycus to plead and prove the necessary facts to avail herself of the provisions of KRS 413.130. It is apparent, therefore, that it is our view Mrs. Dycus' cause must fail and the judgment, which, in effect, gave her all of the property of her deceased husband under the provisions of the will, was erroneous.

Since we are reluctant to decide a case on a technical question, especially where property rights are involved, we have examined the record carefully and are of the opinion that the contract between Mrs. Dycus and Jack constituted a full and complete settlement of their dispute as to the manner in which the estate of W. G. Dycus should be divided. Mrs. Dycus received something in excess of one-half of the estate, and while we do not feel called upon to construe the will, because of the conclusion heretofore reached, we have no hesitancy in saying that our studied consideration of it leaves grave doubt as to the character of estate to which Mrs. Dycus was entitled. Had she received only a life estate, as contended by Jack, as against the fee adjudged by the chancellor, she would have received less from the estate of her deceased husband than she did under the contract.

It follows from what we have said that we are of the opinion the judgment should be and it is reversed, with directions to set it aside and to enter a judgment in conformity with this opinion.