## Redding v. Main.

October 8, 1946.

42

Golden & Lay for appellant.

H. H. Owens for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

On June 4, 1927, Mrs. Anna E. Ketcham sold to L. F. Mays a lot in Barbourville, Kentucky, for $2,000. $800 was paid in cash, and Mays executed and delivered to Mrs. Ketcham six notes for $200 each, payable at intervals of six months. A lien was retained in the deed to secure payment of the notes. The sixth note was due thirty-six months after date, and it is this note which is the subject of the present controversy. On March 10, 1944, nearly fourteen years after the note matured, W. H. Main brought an action in the Knox Quarterly Court against Anna E. Ketcham to recover $200, with interest from June 4, 1927. He alleged in his petition that before maturity he became the owner of the note for a

valuable consideration; that L. F. Mays, maker of the note, had paid to the defendant, Anna E. Ketcham, the amount of the note; and that she had released of record, in the office of the clerk of the Knox County Court, the lien retained in the deed executed by the defendant to Mays. In her answer the defendant alleged that before maturity and for a valuable consideration she indorsed and transferred the note described in the petition, but not to the plaintiff, W. H. Main; that more than five years had passed since the maturity date of the note, and she invoked the five year statute of limitations. In a reply the plaintiff alleged that without his knowledge or consent, and while he was the owner of the note, the defendant accepted from the maker, L. F. Mays, the sum of $200 and interest, and held said sum in trust for the plaintiff. In an amended reply it was alleged that the defendant had wrongfully concealed from the plaintiff the fact that she had received the money due on the note assigned to him. In a rejoinder the defendant invoked the five and ten year statutes of limitations. The plaintiff recovered a judgment in the Quarterly Court, and the defendant appealed to the Knox Circuit Court. Pending the appeal the defendant died, and the action was revived in the name of Mrs. J. Q. Redding, the administratrix of her estate. The plaintiff was again successful, and the administratrix has moved for an appeal in this court.

At the trial in the Circuit Court, the plaintiff testified that in June, 1927, he sold to L. F. Mays, for $2,000, a lot in Barbourville owned by Anna E. Ketcham. His commission for making the sale amounted to $100, and Mrs. Ketcham paid him by assigning to him the sixth purchase money note for $200, due June 4, 1930, after he had paid to her in cash the difference of $100. He misplaced the note and forgot it until he discovered it seventeen years later. He presented it to L. F. Mays, the maker, who stated that he had paid the amount of the note and interest, to Mrs. Ketcham, and that she had released the lien of record. An examination of the records revealed that Mrs. Ketcham had released the lien on the margin of the deed book on July 16, 1930. On cross-examination the witness was shown a check for $25 on the First National Bank of Barbourville, dated June 6, 1927, signed by A. E. Ketcham, payable to the order of W. H. Main, and indorsed on the back "W. H. Main."

He admitted that the indorsement was in his handwriting, but stated that he had no recollection of the transaction. L. F. Mays was introduced by the defendant and testified that Mrs. Ketcham assigned the fifth and sixth notes due, respectively, thirty and thirty-six months after date, to Jim Bain, and that when the last note fell due he paid the amount thereof to Jim Bain in the county clerk's office in the presence of Mrs. Ketcham, and that she then released the lien. He did not know how the sixth note thereafter came into the possession of W. H. Main. Jim Bain testified that he purchased two of the lien notes from Mrs. Ketcham, and he identified the note in controversy as one of them. When the last note fell due L. F. Mays paid him and Mrs. Ketcham released the lien in his presence. He thought he delivered the note to Mays at the time it was paid. Mrs. Myrtle Ketcham, daughter-in-law of Anna E. Ketcham, testified that W. H. Main assisted in the sale of the lot to Mays; that his commission amounted to $25; and that the check dated June 6, 1927, was for his commission. No rebuttal evidence was introduced by the plaintiff.

Appellant complains of the instructions and certain rulings of the court on the introduction of evidence, but it is unnecessary to consider these complaints since we have concluded that the action is barred by limitations. The note was negotiated before maturity for a valuable consideration, and, consequently, was placed upon the footing of a bill of exchange, and was barred by the five year statute of limitations which provides that "an action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note, placed upon the footing of a bill of exchange" shall be commenced within five years after the cause of action accrued. KRS 413.120; Vinson's Executors v. Maynard, 296 Ky. 759, 178 S. W. 2d 603; Combs v. Salyer, 291 Ky. 592, 165 S. W. 2d 40; Holt Bros. Mining Co. v. Stewart, 250 Ky. 199, 61 S. W. 2d 1073; Stokes v. Farmers' & Merchants' Bank of Elkton, 241 Ky. 699, 44 S. W. 2d 837. Plaintiff sought to avoid the effect of the five year statute by pleading, in substance, in his reply as amended that the defendant had wrongfully received payment from the maker of the note, had released the lien of record, and had fraudulently concealed these facts from the plaintiff. KRS 413.120(12) provides that an action for relief or damages on the ground of fraud

or mistake shall be commenced within five years after the cause of action accrued, and KRS 413.130(3) provides:

"In an action for relief- or damages for fraud or mistake, referred to in subsection (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. However, the action shall be commenced within ten years after the time of making the contract or the perpetration of the fraud."

In construing these provisions of the limitation statutes, it has been held that if the five year period is allowed to elapse the plaintiff must allege and prove that fraud or mistake was not only not discovered within the period but that it could not have been discovered sooner by reasonable diligence, and that, in no event, can an action be maintained after the lapse of ten years from the perpetration of the fraud. Dycus v. Dycus, 295 Ky. 847, 175 S. W. 2d 997; McCoy v. Arena, 295 Ky. 403, 174 S. W. 2d 726; Reid v. Singer Manufacturing Co., 128 Ky. 50, 107 S. W. 310.

It is argued by counsel for appellee that this case falls within the saving provisions of KRS 413.340, which reads:

"The provisions of this chapter shall not apply to a continuing and subsisting trust, nor to an action by a vendee of real property in possession to obtain a conveyance."

In Cox v. Simmerman, 243 Ky. 474, 48 S. W. 2d 1078, the plaintiffs alleged that a certain conveyance was made either by mutual mistake or by fraud on the part of the parties to the deed, which purported to pass a fee simple title to the land. They sought reformation of the deed so as to convey only the surface and to exclude the minerals thereunder. The action was commenced more than five years after the execution of the deed, and the plaintiffs sought to avoid the effect of the limitation statutes by invoking section 2543 of the Kentucky Statutes, now KRS 413.340. They contended that the power and authority vested in the executor to sell the land constituted a continuing and subsisting trust as contemplated by the statute. Their contention was rejected, and the court, in its opinion, quoted with approval the following

from Robinson's Committee v. Elam's Executor, 90 Ky. 300, 14 S. W. 84:

"The trusts intended to be embraced by the statute, and to be excepted out of the limitation, are those of an exclusively equitable character, where the trustee has a right to hold the estate, and the cestui que trust has no right to sue for it."

The facts alleged in plaintiff's reply as amended, if true, constituted, at most, a constructive trust, Restatement of the Law of Restitution, section 160, and it has been held that the statute of limitations runs against either a constructive or resulting trust from the time it is created. Hunt v. Pickelsimer, 290 Ky. 573, 162 S. W. 2d 27; Missionary Board of Brethren Church v. Trustees, Etc., 247 Ky. 398, 57 S. W. 2d 25; Blakely v. Hanberry, 137 Ky. 283, 125 S. W. 703.

It follows from what has been said that the trial court erred in holding that the statute of limitations did not apply, and in overruling the defendant's motion for judgment on the pleadings.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed for proceedings consistent herewith.