### GARNETT v. WALTON et al.

Court of Appeals of Kentucky.
June 22, 1951.

Rehearing Denied Oct. 5, 1951.

Joseph M. Hayse and Nellie S. Hayse, Louisville, and Richard L. Garnett, Glasgow, for appellant.

Marshall B. Hardy, Irvin Marcus, R. Lee Blackwell and Alex P. Humphrey, all of Louisville, for appellee.

COMBS, Justice.

This is an action by appellant, Richard L. Garnett, as assignee of a negotiable promissory note in the sum of $1095.80. Defendants in the lower court, appellees here, are: Leonard Walton, T. Ira Sapp, E. Hazel Sapp, Maurice Dunn, Mable H. Dunn, W. Anna Garrett, Lewis L. Garrett, Helen Garrett Posey, J. Langley Posey, Jefferson Federal Savings & Loan Association, Marshall B. Hardy, Administrator of the estate of George L. Garrett, deceased, H. H. Smith, Director, Division of Banking, and Hiram Wilhoit.

The note was executed by George L. Garrett to Leonard Walton on January 13, 1930, and by its terms matured five years from date of execution. A mortgage to secure payment of the note was executed on the same date on certain real estate in Jefferson County. Appellant also seeks to foreclose the mortgage.

We will summarize the pertinent facts with particular emphasis on dates:

January 17, 1930—the mortgage was assigned by Leonard Walton to the Union Trust Company of Glasgow, Kentucky. The note was endorsed by Walton in blank, and delivered to the Union Trust Company, presumably on the same date, although the date of delivery is not definitely established.

January 21, 1930—the mortgage bearing the endorsement showing the assignment to the Union Trust Company, was recorded in the office of the Clerk of the Jefferson County Court.

February 11, 1931—the Union Trust Company was closed for liquidation.

January 1, 1934—pursuant to proper orders of the Barren Circuit Court in the

liquidation proceedings then pending in that court, the note was assigned for a valuable consideration by the Special Deputy Banking Commissioner to W. H. Depp, guardian for Henry W. Lowe, James M. Lowe, and Yeatman Lowe, infants.

September 26, 1934—the note was assigned by W. H. Depp, guardian, to Richard L. Garnett as successor guardian for the Lowe children.

A power of attorney was executed by Depp on November 1, 1934, authorizing the Clerk of the Jefferson County Court to assign the mortgage to Richard L. Garnett, guardian.

Prior to the year 1940, the three Lowe children attained their majority and assigned their interest in the note to Richard L. Garnett individually. They also executed powers of attorney authorizing the Clerk of the Jefferson County Court to assign the mortgage to Richard L. Garnett.

July 24, 1941—George L. Garrett, the maker of the note and mortgage, died intestate, a resident of Jefferson County, Kentucky.

August 12, 1941—Marshall B. Hardy was appointed administrator of George L. Garrett's estate.

December 2, 1941—a deed conveying the real estate referred to in the Garrett mortgage was executed by the heirs of George L. Garrett to appellees Maurice Dunn and Mable H. Dunn.

September 23, 1944—Maurice Dunn and wife, Mable H. Dunn, conveyed the real estate in question to T. Ira Sapp and E. Hazel Sapp, his wife.

September 26, 1944—the Sapps executed a mortgage on the real estate in question to the Jefferson Federal Savings and Loan Association.

January 9, 1945—appellant, Richard L. Garnett, filed claim on the Garrett note with Marshall B. Hardy, administrator of the estate of George L. Garrett.

January 11, 1945—petition was filed in this action, followed by four amended petitions during the course of the proceedings in the lower court.

It is stated in the second amended petition that W. Anna Garrett is the surviving wife of George L. Garrett; Lewis L. Garrett and Helen Garrett Posey are the only surviving children of George L. Garrett; and J. Langley Posey is the husband of Helen Garrett Posey.

H. H. Smith was made a party defendant as successor to Hiram Wilhoit as Director of the Division of Banking, Commonwealth of Kentucky.

There are other incidental and collateral facts referred to in pleadings and briefs of the parties, but we think the foregoing statement is sufficient for a proper understanding of the decision in the case.

General demurrer was sustained to the petition, as amended, as to all of the defendants except Maurice Dunn, Mable H. Dunn, and H. H. Smith, Director of Banking. The case was referred to a Special Commissioner who heard proof and filed a report recommending that the petition as amended be dismissed on the ground that the 5-year statute of limitations was applicable and that the action was not filed in time. The trial court confirmed the Commissioner's report and dismissed the plaintiff's petition.

The note became due on January 13, 1935. As heretofore pointed out, it was negotiated before maturity for a valuable consideration, and consequently was placed upon the footing of a bill of exchange. KRS 413.120 provides that "An action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note, placed upon the footing of a bill of exchange" shall be commenced within five years after the cause of action accrues. Also see Redding v. Main, 303 Ky. 41, 196 S.W.2d 887, and cases therein cited.

In an effort to avoid application of the 5-year statute, appellant contends that before the bar became complete George L. Garrett promised and agreed to pay the note. To establish the new promise, he relies upon his own testimony and that of his attorney, Mr. Joseph M. Hayse. Appellant's testimony is clearly within the pro-

hibition of section 606, subsection 2 of the Civil Code of Practice, and he makes no serious contention on this point. He argues very forcefully, however, that the testimony of his attorney, Mr. Hayse, is competent, and that his testimony is sufficient to take the case out of the Statute of Limitations.

Mr. Hayse is attorney of record for appellant. He signed the petition and the four amended petitions in that capacity. He personally attended the taking of depositions in Louisville and Glasgow, and participated in examination and cross-examination of witnesses. He also signed the original brief and reply brief filed for appellant in this Court. On the subject of his attorney fee in the case, he testified: "Mr. Garnett will pay me for my services regardless of any way this case goes." In response to a question whether he is financially interested in a recovery, he testified: "I couldn't say that I am, Judge, because to be financially interested I would have to have this on a contingent basis, which I do not have." He also testified: " * * * The question of fee has never been discussed or never thought of, and may never be, and the chances are I would never accept any fee." He also testified that he and Mr. Garnett have been close friends for a long time; that he is representing Mr. Garnett in this case as a personal friend, and that "the only interest that I have is to help him collect his money. Now, if he didn't pay me a dime I wouldn't even ask him for it."

Appellant contends that Mr. Hayse does not have such a financial interest in the outcome of the litigation as to make his testimony incompetent. He cites respectable authority to support his argument, the most favorable Kentucky case being Haydon v. Easter, 24 S.W. 626, 627, 15 Ky.Law Rep. 597. In discussing this question, the Court said in that case: "There is no proof showing that he (attorney) has any interest, and if the law does give a lien for a reasonable fee, and secure it by a lien on what is recovered, we know of no rule of evidence which renders him an incompetent witness."

In support of their argument that Mr. Hayse's testimony is incompetent, appellees cite a line of cases which hold that an attorney who has an agreement for payment of a contingent fee, may not testify for his client concerning any verbal statement of, or transaction with, a deceased person. Among the cases cited are Ray v. Ray's Ex'x, 249 Ky. 347, 60 S.W.2d 935, and Smick's Adm'r v. Beswick's Adm'r, 113 Ky. 439, 68 S.W. 439.

▋ It appears that this Court is committed to the rule that an attorney may not testify for his client in regard to a transaction with a deceased person, in a case where, by prior agreement of the parties, payment of the attorney's fee is contingent upon recovery in the case; but such testimony is competent, unless otherwise prohibited, if by prior agreement the attorney is to receive a fixed fee for his services regardless of the outcome of the litigation.

We do not find any case in which this Court has expressly passed upon the question, where, as in this case, there is no prior agreement of any kind as to payment of the attorney's fee. In the Haydon case, 24 S.W. 626, 15 Ky.Law Rep. 597, it is not clear from the opinion, nor from the record in the case, whether there was a prior agreement as to the attorney's fee, or whether is was to be agreed upon after termination of the suit.

It is pointed out by appellees that where there is no prior agreement in regard to the attorney's fee, a lawyer is entitled to reasonable compensation for his services, and the question of what is reasonable is determined by (1) the magnitude and difficulty of the questions presented; (2) the skill and experience called for in the performance of the services, and the professional standing of the attorney; and (3) the results accomplished. Axton v. Vance, 207 Ky. 580, 269 S.W. 534; Huston & Mulligan v. Blackwell, 8 Ky.Op. 439.

▋ Although there was no prior agreement as to payment of an attorney's fee in this case, and although, as Mr. Hayse testified, he might not accept a fee, the law implies an agreement that he will be paid reasonable compensation for his services unless the right to payment is waived; and

one of the things to be considered in fixing the fee is the outcome of the litigation. We are unable to escape the conclusion, therefore, that Mr. Hayse has a sufficient pecuniary interest in the outcome of the case to make his testimony incompetent within the meaning of 606, subsection 2 of the Civil Code of Practice.

It was said by this Court in the old case of Apperson's Exr'x v. Exchange Bank of Kentucky, 10 S.W. 801, 10 Ky.Law Rep. 943, that it is not necessary that a witness be a party to or directly interested in the result of a suit against the estate of a deceased person in order to render his testimony incompetent as to a transaction with the decedent; that the testimony is incompetent if it has the effect to directly or indirectly benefit the witness pecuniarily. Also see the case of Sachs v. Title Insurance & Trust Co., 305 Ky. 154, 202 S.W.2d 384, wherein it is said that a witness' testimony is incompetent when his interest in the result of the suit is such that he will gain or lose directly or immediately, depending on the outcome of the suit.

■ We think sound public policy requires that the rule permitting an attorney to testify in behalf of his client should not be extended. As is pointed out in the Canons of Professional Ethics of the American Bar Association section 19, an attorney should avoid testifying in behalf of his client except when essential to the ends of justice, and in that event, if his testimony relates to other than merely formal matters, trial of the case should be left to other counsel. It is stated in Wigmore on Evidence, Third Addition, Vol. VI, section 1911, page 606: "There is then in general no rule, but only an urgent judicial reprobation, forbidding counsel or an attorney to testify in favor of his client." It is recognized that in some cases the ends of justice might require that an attorney testify in behalf of his client, and when such necessity arises the duty should not be disregarded. The modern trend, however, is to limit such practice insofar as is consistent with the proper administration of justice.

■ We do not imply any criticism of Mr. Hayse's conduct in this case. He has represented his client honorably and ably. The question as to the competency of his testimony is close. We have arrived at the conclusion, however, that as attorney of record without any prior agreement in regard to payment of his attorney fee he has such a pecuniary interest in the outcome of the case as renders his testimony incompetent insofar as his testimony relates to the verbal promises of George L. Garrett to pay the note. There being no competent testimony of a new promise to pay the note, it follows that the trial court was correct in sustaining the plea of the Statute of Limitations.

In view of what has already been said, it is unnecessary to discuss the other questions raised by appellant.

The judgment is affirmed.