**Betty L. HOSKINS' ADMINISTRATOR (Arthur Ward), Appellant,**

v.

**KENTUCKY RIDGE COAL COMPANY et al., Appellee.**

Court of Appeals of Kentucky.

May 24, 1957.

Rehearing Denied Oct. 18, 1957.

Claude P. Stephens, Prestonsburg, for appellant.

Lay & Knuckles, Pineville, for appellee.

MOREMEN, Judge.

The opinon in the first appeal may be found in Ky., 277 S.W.2d 57.

The Asher Coal Mining Company and Betty L. Hoskins each owned a large tract of land in Bell County with an adjoining boundary line. A dispute later developed concerning the exact location of this line. The area of the land involved was about ten acres.

In 1934, the Asher Coal Mining Company executed to Jack Whitfield and others a coal lease to a large boundary of land, which also included the disputed ten-acre tract belonging to Betty Hoskins. This lease was assigned to appellee, Kentucky Ridge Coal Company.

In 1936, 1937 and the early part of 1938, Kentucky Ridge Coal Company removed coal from the ten-acre tract, apparently under the assumption that they had a valid lease to the tract and the right to mine it. There was no indication on the surface of the land that this coal was being removed because appellee worked it from the adjoining tract.

In 1939, Betty Hoskins died intestate, leaving as her only heirs two daughters, Grace Harber and Hazel Carlson. Grace Harber was appointed administratrix of the estate.

On June 16, 1947, the United States District Court adjudged that the title to the disputed 10-acre tract had been vested in Betty Hoskins

On June 1, 1947, the daughters filed an action in the United States District Court and sought damages for the value of the coal removed. It developed that the coal had been removed during their mother's lifetime. Whereupon, Grace Harber, administratrix, intervened. She, however, had become a resident of Illinois and was removed as administratrix by order of the Bell County Court.

On November 11, 1949, appellant, Arthur Ward, was appointed administrator.

The United States District Court dismissed the intervening petition by Grace Harber on the ground that she no longer was a proper representative of the Hoskins' estate. This action was appealed—Harber v. Kentucky Ridge Coal Co., 6 Cir., 188 F.2d 62—and the court affirmed the ruling of the District Court. The opinion is dated April 13, 1951.

On April 23, 1951, the new administrator, Ward, filed this action in the Bell Circuit Court seeking damages for the removal of the coal.

The court held that the action was barred by the Statute of Limitations under subsections (4) and (12) of KRS 413.120 and subsection (3) of KRS 413.130 which read in part:

"KRS 413.120. "The following actions shall be commenced within five years after the cause of action accrued: *   *   *

"(4) An action for trespass on real or personal property. *   *   *

"(12) An action for relief or damages on the ground of fraud or mistake."

KRS 413.130.

"(3) In an action for relief or damages for fraud or mistake, referred to in subsection (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. However, the action shall be commenced within ten years after the time of making the contract or the perpetration of the fraud."

The court in its conclusions of law, said:

"2. The pleadings by the plaintiff admitting that the trespass was committed more than five years before the institution of this action, the law presumes that Betty Hoskins knew of the trespass and the removal of the coal, Barlow v. Arnold [C.C.], 6 F. 351.

"To overcome this legal presumption, the plaintiff must allege and prove not only that the fraud and mistake was not discovered, but that it could not have been discovered sooner by reasonable diligence, but in no event can an action be maintained under these statutes after the lapse of ten years from the trespass and removal of the coal. Redding v. Main [303 Ky. 41], 196 S.W.2d 887; Johnson v. Fetter [224 Ky. 788], 7 S.W.2d 241; Graham's Administrator v. English [160 Ky. 375], 169 S.W. 836; Blackburn's Administratrix v. Union Bank & Trust Co. [269 Ky. 699], 108 S.W.2d 806.

"3. The statute of limitations began to run from the date of the removal of the coal. The death of Betty L. Hoskins did not stop it. This action, having been filed more than five and in fact more than ten years after the date of the removal of the coal, is now barred. Henderson v. Fielder [185 Ky. 482], 215 S.W. 187.

"4. The coal in question having been mined in good faith, under bona fide lease contract, could not be and was not wilful trespass. North East Coal Co. v. Blevins [Ky.], 277 S.W.2d 45."

It may be seen that the court's conclusions were based on these theories: (1) that the taking of the coal resulted from a trespass, ordinarily barred in five years; (2) that after a concealed trespass has been committed and the period of limitation has expired, a burden is upon the one who claims trespass to aver and prove that it could not have been discovered by the exercise of reasonable diligence; and (3) if a subterranean trespass has been committed and the trespasser has concealed that fact, the concealment is in itself a fraudulent act, such as is barred by the lapse of ten years from the time of the trespass (KRS 413.130) and no recovery may be had either for the trespass or the fraudulent act. There is authority for these assumptions.

Falls Branch Coal Co. v. Proctor Coal Co., 203 Ky. 307, 262 S.W. 300, 305, 37 A.L.R. 1172, is a leading case on this subject for there the court first accepted the rule that a cause of action for removing coal from beneath one's land through an opening on adjoining land accrues only when the trespass is actually discovered or when discovery was reasonably possible. This opinion also approved the thought that a mining operator should know his own boundary lines, and stated: "If by mistake or any other reason it did invade the mineral estate of another and remove and appropriate the coal therefrom, good conscience required that it should disclose the fact and pay for the coal taken. Its failure to do this is in its effects a fraud upon the injured owner; and if he has no knowledge of the trespass and no means of knowledge, such a fraud, whether it be called constructive or actual, should protect him from the running of the statute." After many cases were cited, the court summed it up this way:

"The basis for the ruling in most of the cases so holding is that it was the duty of the trespasser to know when he crossed his line and became such, and it thereupon became his duty to notify the owner of the premises trespassed upon, and, if he remained silent and failed to do so, it was a constructive fraud, the same as positive fraud, by denying the trespass when inquired about it, and that because of his fraudulent concealment the cause of action did not accrue until the trespass was discovered."

■ The long and difficult analysis in the opinion was necessary for the solution of a vexing problem, because the limitation statute contains no exception and simply states that an action for trespass "shall be commenced within five years after the cause of action *accrued.*" Usually an action *accrues* at the time of infliction of a wrong or breach of a contract. In concealed, subterranean, trespass cases, the person injured is not aware of the act. To require a person to take notice of a trespass upon underlying coal at the time it takes place is, in most cases, to require an impossibility and leads to an absurd result. So the court, under ample precedent, treated the act of fraud (concealment) as postponing the time of the *accruing* of action until discovery.

When we treat the act as being fraudulent, are we then bound by limitation statutes which pertain to such acts? Necessarily, we are—because when reliance is had upon the trespass limitation, five years erect a barrier. It is only the fraudulent concealment that occurs simultaneously with the trespass that enables the court to apply the principle, which savors of estoppel, that the fraudulent act itself is enough to extend the time until its discovery.

It was noted above that the five-year statute for relief or damages on account of fraud was extended by subsection (3) of KRS 413.130 by the device of deeming the action not to have accrued until the dis-

covery of the fraud. Thus, under the limitation statute, if we delay the accrual until discovery, it may only be had under the statute pertaining to fraud and this same statute of fraud contains what we sometimes call a "rest" provision. Even that principle is limited by these words: "However, the action shall be commenced within ten years after the time of making the contract or the perpetration of the fraud." Thus, the time for recovery for damages from a fraudulent act cannot be extended beyond ten years from the time of the act even though the act, itself, may not have been discovered within that period.

■ When we return to the facts of this case, it is evident that the last removal of the coal was made in the early part of 1938. No action was filed by the administrator, Ward, who is here an appellant, until April 23, 1951, well beyond the ten-year period. It is true that Grace Harber, as administratrix of the estate of Betty L. Hoskins, attempted to intervene and assert a claim for the estate but she was not permitted to do so. Harber v. Kentucky Ridge Coal Co., D.C., 85 F.Supp. 233. On the day that she attempted to file her intervening petition (October 13, 1948) she had been removed as administratrix by the Bell Circuit Court and, since the law takes no account of fractions of a day and the order became effective "coincident with the first moment of the day of the event," the court concluded that at the time of the filing of the intervening petition, the administratrix was not the personal representative of the estate. So we are not permitted to treat this abortive action as being the true commencement of an action.

In Ockerman v. Wise Transfer Line, Ky., 274 S.W.2d 385, 387, we held under KRS 413.270 that in an action commenced in due time, when it is adjudged that the court has no *jurisdiction* of the action, the plaintiff may, within three months from the time of that judgment, commence a new action in a proper court and the time between the

**312**

commencement of the first and last action shall not be counted in applying any statute of limitations. It was further held in the same case that a federal district court located within the state is "a 'court of the state'." That case has no application here because the action was not dismissed because of lack of *jurisdiction* of the court, but because of the lack of *capacity* of the plaintiff to sue.

We have concluded, therefore, that the ten-year statute applies and that no action was taken by a party, who had the right to take that action, until more than ten years after the cause of action had accrued.

In addition, we believe that the trial court had sufficient proof upon which to make a finding of fact that in January 1945, Grace Harber, Hazel Carlson, and their engineer, Glenn F. Justice, were furnished maps and surveys which were sufficient to put them upon inquiry as to whether coal had been removed from the disputed strip. They could have, in 1945, by the exercise of ordinary diligence and by the use of maps and other data furnished them by the Kentucky Ridge Coal Company, determined that coal had been removed from the disputed area.

We remember that this action is by the representative of the estate of Betty Hoskins and is based upon a cause of action which arose during her lifetime and that the notice referred to in the last paragraph was not given to her or her personal representative, but to the sole heirs and beneficiaries of the estate. We believe that the limitation statute should not be defeated by their failure to communicate (if they did fail) this intelligence to the personal representative and to stimulate him to proper action. Under the peculiar facts of this case, we are of opinion that the action is barred under both statutes, because it was not brought even under the "discovery theory" within five years of the time when diligence would have resulted in disclosure.

Judgment affirmed.